UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCEL C. BRISTOL

          Plaintiff

   -against-

QUEENS COUNTY,QUEENS COUNTY DA'S OFFICE,
RICHARD BROWN,DA,KENDIA HENRY,ADA
NEIL F. GITIN,ADA,N.Y.P.D,DET.LYNCH,
JOHN DOE 1-5,NASSAU COUNTY,NASSAU COUNTY
DA'S OFFICE,KATHLEEN RICE,DA,LAURENE DODDATO,
ADA,JANE DOE,ADA,N.C.P.D,DET.RONALD R.SCHEPIS,
DET.JOHN HARVEY,et al
          Defendants

COMPLAINT

**CV-09 5544**

INDEX.NO_____

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   DEC 14 2009   ★

**BIANCO, J.**

LONG ISLAND OFFICE

This action arises under the United States Constitution, particularly under the provisions of the Fourth,Fifth,Eighth,Thirteenth,and Fourteenth Amendments of the Constitution of the United States,Statutes,and Federal Law,particularly, the Civil Rights Act Title 42 U.S.C.S 1983.

**TOMLINSON, M**

2. Each and all of the acts of the defendants herein alleged,were done by the defendants, acting in concert, in both their official and individual capacity, under color of law, pretense of the usages, statutes, ordinances, regulations and customs of Queens County and Nassau County, under the authority of their respective District atorney's officers, subordinates, agents and assigns.

3. The conduct of the above defendants deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure, under the Fourth and Fourteenth Amendment of the Constitution of the United States.

b) The right of plaintiff not to be placed twice in Jeopardy of life and limb, and multiple punishments for the same alleged offenses, secured under the Fifth and Fourteenth Amendments of the Constitution of the United States.

c)the right of plaintiff against cruel and unusual punishment and treatment,under the 8th,13th and 14th Amendments of the Constitution of the United States.

d) the right of plaintiff not to be deprived of life,liberty,or property without due process of law,and the right to the equal protection of the laws,secured by the 14th Amendment of the Constitution of the United States.

4. the acts herein alleged were committed either on the instruction of the defendants Richard Brown,DA of Queens County,and Kathleen Rice,DA of Nassau County,or with their knowledge and acquiescence of these defendants and were thereafter approved and ratified by these defendants.

5. Each of the defendants,individually and in concert with the others,acted under the pretense and color of law and their official capacity,but such acts were beyond the scope or in excess of their statutory authority and jurisdiction,without authorization of law.Each defendant,individually and in concert with the others,acted willfully,with specific intent to deprive plaintiff of his rights to freedom from illegal search and seizure of his person,house,effects,papers,and right from imprisonment and prosecution without due process of law,and multiple punishments,against the prohibition of double jeopardy.

6. In the instant matter,plaintiff brings to bar individual and municipal defendants,wherein,this verified complaint under **42 U.S.C.S 1983.**The defendants constructively, acquiesced to wide spread violations of plaintiff's established rights, secured under the State and the Constitution of the United States.The liability of the individual defendants is axiomatic.Additionally,this instant matter seeks liability assignment to the municipality defendants,namely Queens County,District Attorney's office,N.Y.P.D,Nassau County,its District Attorney's office, its Police Dept.(N.C.P.D),for violation of due process and equal protec-

tion under the law.

7.The municipality liability has its genesis as the facts showed,under the premise and predicated upon failure to act and prevent misconduct,with the required degree of fault,demonstrated by proof of foundational background events and circumstances,which established that the policy of inaction and laissez faire,is the functional equivalence of a decision by the Municipality to violate plaintiff's Constitutional rights,in deliberate indifference to his procedural rights, guaranteed by Statutes and due process protected by the Constitution of the United States.

8.Facing with the pattern of misconduct and violation of the Constitution at bar by the agents and assigns of the Municipalities, that do nothing to intervene through their officers,compelling the conclusion that they have acquiesced in or tacitly authorized their subordinates'unlawful actions as set forth in the complaint.

9.The defendants,Queens County and Nassau County are at all times mentioned,a municipal corporations organized and existing under the law of the State of New York,located respectively in Queens and Nassau County,within the jurisdiction of the Eastern District of New York,and the employers of the defendants,and each of them,performed all the acts alleged, for and in the name of the defendants municipalities.

10.The defendants,at all times mentioned,were acting pursuant to orders,directives,customs and policy of the defendants,N.Y.P.D* N.C.P.D*,Queens County DA's Office,and Nassau County Da's Office.


*Nassau County Police Dept.,*New York City Police Dept.

11.The defendants,acting in concert,namely,detective John Harvey and Sergeant Ronald R. Schepis of the N.C.P.D,Laurene Doddato,ADA,Jane Doe,ADA, having proceeded on January 4,2008,and arrested plaintiff in Nassau County, without a warrant for alleged violations of Penal Law,190.80,155.30,155.35, 170.10,170.25,etc,immediately thereafter,referred the same charges,supra to the Queens County defendants and hatched the indomitable plot to begin a se-parate prosecution of plaintiff,based on the same above cited statutory of-fenses in Queens County.

12.The defendants,Richard Brown,DA,Kathleen Rice,DA's failure to intervene ,or supervise is solidly grounded in the factual background of the case.The municipal defendants,under the facts set forth,supra and infra, de-monstrate a pattern of deliberate disregard,based on the premise that fa-cing with this pattern of violations that the municipalities knew or should have known was transpiring,failed to halt the misconduct to thwart the cons-titutional violations,or alter their policy and customs to remedy the harm-ful and malicious actions of their subordinates and agents.

13.The actions of the individual defendants were so blattant and flagrant in the case at bar as to constitute,the municipalities'constru-tive acquiescence to the individual defendants'acts and,willful failure to recognize that their agents and subordinates were proceeding in excess of their statutory authority,outside the bounds of the constitution of the U-nited States,and knowing full well,their supervision was woefully inade-quate.

14.The defendants,Richard Brown,and Kathleen Rice,both represent the prosecutorial arm of the State'single souvereignty,they willfully fai-led to cooperate with one another to uphold the statutes and laws to safe-guard plaintiff's legitimate procedural rights,due process,immunities,and privileges guaranteed under the State and the Constitution of the United States.They chose rather to deny plaintiff,the equal protection under the

Law,and defeated the State and Federal Statutes against multiple punish-
ments and separate prosecutions for the same statutory offenses,arising
from the same alleged criminal transaction,by factionalism of unfounded
charges and fabrication,to prosecute plaintiff maliciously in Queens Coun-
ty.Thereby,granting a license to their subordinates and agents,wherein,ma-
lice,misrepresentation,fabrication of evidence,subornation of perjury,guil-
ding of the charges,distortion and abuse of the legal process;were the foun-
dational tenet and paradigm to suppress plaintiff's rights and protection,
secured by the constitution of the United States and laws of the State of
New York.

15.The defendants,acting in concert as the prosecutorial arm
of the State of New York's single sovereign,under color of their official
policy,ordinances and customs,acquiesced and initiated a corrupt pursuit
of plaintiff;in order to disguise the uniformity and multiplicity of the
alleged offenses,derived from the Nassau County's accusatory instrument;
with intent to prosecute plaintiff in Queens County for the same alleged
criminal transaction,and the same statutory offenses,joinable by mandato-
ry joinder(inter County),in a single accusatory instrument.The defendants,
Richard Brown and Kathleen Rice,blithely refused to recognize that their
subordinates were acting in bad faith without jurisdiction or in excess
thereof,and without authority of law.Thereby,subjected plaintiff to double
jeopardy,maliciously, without due process and the equal protection under the
law.

16.The defendants,acting in concert,corruptly and illegally pro-
cured a search warrant from the Queens County criminal court,by distorting
the process of law,and misrepresentation to search plaintiff's private ho-
me;while he has been confined in the County jail of Nassau County for the
same alleged crimes purported to be investigated in Queens County.They em-

barked in a fishing expedition,in a guise and zest to uncover evidence of
alleged other crimes in Queens County,to dress and dredge the multiplicity
of the alleged offenses filed in Nassau County.Thereby,misrepresentations,
convoluted evidence,false and mislesding testimony to the Queens County cri-
minal court,on about the month of March and April 2008,to obtain a search
warrant,and subsequent prosecution of plaintiff maliciously.

17.Although,the search warrant yielded no incriminating evidence
of any crimes.The defendants,acting in concert,proceeded and re-arrested
plaintiff in  the Nassau County jail,without a warrant and probable cause,
on the false pretenses of alleged new offenses committed  in Queens County;
when they knew well that was false.On July 30,2008,plaintiff was taken into
custody by N.Y.P.D detecives Lynch and John Doe 1.

18.Plaintiff was transported by the detectives,Lynch and John Doe 1
to the Queens District Attorney's Office on Queens Blvd., in Kew Gardens.
Thereupon , he was placed in a cage like cell,in plain view of the cubical
offices across the floor,fits for one person,it's furnished with a chair.A-
bout 30 minutes from arrival,Det. Lynch yelled:"Kendia your prisoner is here."
Thereafter,a young lady,with dark complexion,in a light gray suit and paints,
walked toward the cage,and took a quick glimpse of plaintiff.She was the
same ADA,who later arraigned plaintiff on the purported new charges:namely,
penal law,190.80,155.35,155.30,170.10,170.25.

19.All the charges upon which, he was arraigned in the Queens County
criminal court,on July 30,2008,arose from the same alleged transaction,and
involved the same alleged victims in the Nassau County Accusatory instrument;
and the offenses are statutorily  identical.Nassau County has geographical
jurisdiction over all the offenses. , and the alleged conduct occured in
each County is sufficient to constitute a material element of all the alleged
offenses;and may be tried in either County;providing it is authorized by sta-

tutes,and there is only one prosecution.

      20.On about noon of July 30,2008,plaintiff was taken to the crimi-nal court house in Queens County from the Queens County DA's office,escorted by the same detectives,(upon information and belief,they are assigned by N.Y.P.D to the Queens DA's office.)There in the lower floor , plaintiff was pro-cessed and fingerprinted ,after which,the detectives (Lynch and John Doe 1) were told that the prints report won't be ready until about 2 hours.There-fore,instead of leaving plaintiff in the custody of central booking and the correction department.Plaintiff was taken back to the Queens County DA's office by the detectives in their unmarked car,which they chose to park a-far,and on a adjacent Street from the building, Headquartered the DA's office. Then,plaintiff was forced to walk in shackles through the streets in broad day light,under the curiosity and the watchful eyes of pedestrians and moto-rists,Plaintiff had to go through at least 3 Bus stops around,to go to the side entrance of the Building,at which point,detective Lynch patted his shoulder and said:"sorry,we had to do it like this".It was a 15 minutes walk,but under the circumstances,as plaintiff sighed with each step to comply with the restraint of the shackles;it seemed an eternity.worse of, 2 hours later,the same spectacle was repeated from the DA's office to the detectives unmarked car,and to the court house building,This was designed to harm plaintiff's reputation unjustly.The trauma,the humiliation,the de-meaning degradation and the ignominy,which plaintiff was forced to endure, following his illegal arrest from the Nassau County Jail,orchestrated by the defendants,acting in concert,instilled a feeling of worthlessness,emti-ness and fear in plaintiff.Everything was upside down and hope was eva-nescent.Just when family support was building to help,it suddenly crumbled, unstitched by the chilling impact,to face additional prosecution in another county,bully, aggressive and nimble,without a dearth of mores and probity.

21.Plaintiff became hopeless and distressed,facing the might and grip of these two municipalities,in a slew of charges,and falling prey in their tyranical hands;plaintiff forlornly began lamenting,the same night with suicidal ideations.His dignity was punctured;his life's purpose was over-cast;and recovery was glum.The will to live was fading.Plaintiff turned to God to find strength,and used his clinical skills and experience to find se-renity and sanity,to control the pathogenesis of the onsets.Plaintiff was blessed to survive and overcome the insidious and depressive curve,delibe-rately etched in his path by the defendants.His faith was tested and resol-ved to prevent a tragic outcome .But,not without scars.

22.On about March 16,2009,the defendants,acting in concert,and in furtherance of their perversion of the legal process,to prosecute plaintiff maliciously in Queens County;proceeded and seized plaintiff in the County jail of Nassau County unlawfully,with distorted legal process and misrepre-sentation.Plaintiff was taken into custody by John Doe 2 and 3 of the N.Y. P.D.He was shackled in both hands and legs in orange prison garb.Plaintiff was paraded and branded as a vile criminal,in plain view and broad day light, around the adjacent streets of the Queens Criminal court house;and through the main public entrance of access to the court building;and trough the main lobby;with the eyes of the grand public fixated on him.It was psycho-logically tortuous and physically embarrassing and unbearable.

23.Plaintiff was kept and flanked in the hallway of the court house in the main lobby,while the detective John Doe 2 was on the phone with ADA Neil F Gitin ,across from the court room,at which point so many people were looking around at the scene;the detectives had to push opened an exit door,and held plaintiff by the stairway;where defendant Neal Gitin joined,and ordered that plaintiff be taken to the Northern of end part of the building,where the DA's office is located which was executed.Thereupon,

plaintiff met his assigned counsel,who advised him that "there is a plea offer of four years,which is not going to be available after the grand jury presentation,scheduled for today".To plaintiff's knowledge,there was no prior notice of grand jury presentation.

24.Plaintiff declined any plea bargain ;then the ADA ordered the detectives to take plaintiff to judge Mullins' court room.Plaintiff was paraded back through the main lobby of the court house to the court room; he was then seated in the front row,guarded by the detectives in the packed court room.ADA Gitin addressed the court;the judge hastily, referred the case to the grand jury part on the 4th floor.Plaintiff was taken to the public elevator and to the grand jury part,where to cope with the situation;he kept his eyes closed most of the times to escape the unwanted fame and attention,while being tightly held needlessly, by the detective through the shackled belt at his mid spine and waist level.

25.upon arrival to the 4th floor court room of the grand jury part;plaintiff was joined with his assigned counsel,who advised him that he won't testify at the grand jury in the prison garb;however,the ADA insisted that there will be no adjournment;as he was walking through the entrance of the court room.Plaintiff was left shackled across the hall,guarded by the detectives,still under the watchful eyes of the grand public and their curiosity.The court was in session with another case;the ADA came out and announced that the court will be in recess until 2 pm.The ADA and defense counsel left. The detectives decided to keep plaintiff in the hall way for the hour recess, on a bench near the court room entrance.

26.As announced,by 2 pm,the case was called;plaintiff was brisked to the court room through the main entrance.Thereupon,ADA Gitin addressed the court;then defense counsel rejected the proposition to have plaintiff testify in the prison garb.Surprisingly,to add more insult to the injury,the

ADA ,sardonically,pulled out a cheap sweater from his bag,and contumely said:" your honor, he can wear this on top of his garb,it is brand new and it will fit him." Defense counsel objected and the judge agreed;the case was adjourned.ADA Gitin calculated and planned everything to expose plaintiff negatively to the public,to harm his reputation,prejudice and punish him in the pursuit of an anemic case.It was stressful,humiliating and demeaning,so embarrassing,it reopened the scars with deeper wounds and a malignant depression.However,plaintiff having keen knowledge of his mental state,its etiologic pathophysiology and pathogenesis; he used his prolific skill to ebb the progress;inhibiting the symptoms and signs to revert an untoward prognosis.

27. Plaintiff became somehow paranoid to the unrestrained power of the defendants to seize him ad lib,in  the County jail,and be paraded in the Streets  and Court House of Queens County and back to Nassau County,and be treated like a serf betwen the two municipalities at the whims of the defendants;and be branded as a vilain to the jury pool of the two Counties.

28.On March 19,2009,acting in concert,the defendants John Doe 4 and 5 illegally seized plaintiff in the Nassau County jail,and the same spectacle was repeated; except that plaintiff was in civilian clothing.From a parking lot to a buisy Street,filled of motorists and pedestrians;plaintiff was paraded in shackles,walking to a long alley running parallel to Queens Blvd., going west in Kew Gardens,leading to the main entrance of the building,where the grand jury was allegedly empaneled.It was a tortuous walk.Embarrassingly,at the restraint of the shackles;plaintiff could only move at a slow pace and one step at a time;one pedestrian even shouted at plaintiff: "Old man was it worth it",painfully,but to the laughters of others;another one quipped: "Who did you kill".These shaming retributions,contrived by the defendants,have been long ago abolished by the constitution of the United States.

29.On about April 22,2009,acting in concert,the defendants John Doe 2-3, illegally seized plaintiff from the Nassau County jail,and plaintiff was paraded in the same manner described above,from the streets to a court room,located in the main lobby of the court House in  Queens County,where he was arraigned on a 34 counts indictment derived from the same alleged charges and transaction of the Nassau County accusatory instrument.

30.On about June 25,2009,on plaintiff's motion,and upon inspection and examination of the  indictment by the presiding judge of the Queens County Supreme court;the indictment was dismissed entirely.The Judge concluded that:"All the testimonies presented to the grand jury and evidence thereof,were inadmissible hearsays,and there was no evidence connecting the defendant  to the alleged crimes.Moreover,the indictment was untimely,in violation of the right to a speedy trial".This demonstrates that the defendants were not acting to see the end of justice served.Under New York Double Jeopardy statutes , this constitutes prosecution and adjudication of all the charges.

31.Although,all the charges against plaintiff in Queens County were dismissed,and there was no case pending against him in the County any longer;the defendants,acting in concert and in furtherance of their scheme to punish plaintiff without probable cause, arranged that plaintiff be transferred from the Nassau County jail to Riker's Island,under false pretense,where he had to endure,at their planning,the most inhumane,unsanitary,and unhygenic condition yet in his illegal confinement.It was terrifying and harmful to his health, wellbeing.This was the defendants'ruse with a blitzkrieg of reprisals against the dismissal of the indictment,to intimidate and subject plaintiff to harsher conditions of confinement , without any penological interest.

32.Plaintiff was tasseled like sardines with over 32 inmates or detainees ; sweaty,dirty,hungry,angry,restless and sick (some of them were withdrawing from subtance abused addiction),all in a cell with the capacity for about 15 people,equipped with a single toilette in plain view,being used constantly,even while food is being served and eating at the same time.The cell was filthy,raucus and noxious.It was tense,and the heat and its comination with the odor only made matter worse.Water was served with one cup for everyone to

share amidst the pandemic threat of swine flu and other communicable diseases.Plaintiff was kept in the cell under unchanged conditions for over 24 hours.He was forced to sleep on the cold cemented floor without a blanket or a bed sheet.He was not assigned to a bed in general population until noon the next day,on July 21st,2009.He was confined at Riker's Island,until July 27th,2009,thereupon,he was returned to the custody of the Nassau County Correctional Facility.

33.At no time during the aforementioned detention at Riker's Island,was the plaintiff charged with any crime,nor was he produced before a judge of competent juris-diction thereof,in the criminal court of New York City.It was the defendants'ploy and wile to humiliate plaintiff,and subject him to harsher conditions of confinement,without proba-ble cause and due process of law.

34.The facts herein stated infra and supra,evinced that the defendants kno-wingly,usurped the duty of the correctional facilities without jurisdiction or statutory authority to deprive plaintiff life,liberty and property.Thereby,false arrests,unlawful imprisonment,unusual treatments and punishments,humiliation,public obloquy and serfdom.

35.The defendants'hubris and proclivity to defeat and defy the Double Jeo-pardy prohibition's clause,and the rule of law,can be gleaned in the letter entitled Rice V.Bristol,(See copy attached here as exhibit A)penned by Assistant District attorney,Anne Huggard,on behalf of Kathleen Rice,District attorney of Nassau County,in which,they impro-perly used the U.S Postal service to make false representations,to intimidate,manipulate, and coerce plaintiff to relinquish his property,(U.S.currencies)illegally seized by the defendants,Ronald R.Schepis and John Harvey,both detectives of Nassau County,on January 4, 2008,without a warrant or probable cause.A transaction,(The U.S.currencies) which the de-fendants falsified to fabricate evidence,which they fowarded to Queens County,and fraudu-lently presented to a grand jury with prevaricated testimony to corrupt,and influence the truth seeking function,to prosecute plaintiff separately and maliciously in Queens County. The Supreme court of Queens County rejected the evidence,and dismissed all the charges,which confuted the contentions in Exhibit A.

36.Beyond cavil,Dkt.380*as referred by the defendants,has no relation to the U.S.currencies,illegally seized in Nassau County,incidental to a warrantless arrest. The contrast can not be more stark,on any rational basis in fact or in law.More disturbing,plaintiff has never pled guilty to any charges or crimes in Nassau County.Contrary to the specious assertions in exhibit A,supra,Dkt.380 has not even a modicum of nexus to the U.S.currencies,and they knew that,an issue litigated and judiciously adjudicated,when the Supreme court of Queens County dismissed all the charges in indictment # Q2796-09.see paragraph 30,supra.

37.Exhibit A illustrates the defendants'insatiable mendacity,and perpetual scheme to beset plaintiff with contentions standing on shifting sands rather than solid grounds.Had there been a guilty plea,the U.S.currencies would have been evidenced in the plea allocution as proceeds of the respective charges in the plea,and there would be no need for plaintiff's consent,since the ensuing judgment perforce,authorized the proceeds of the crimes to be forfeited.The defendants are besieged in their own diaphanous claims by their own facts.

38.For judicial notice and the sake of inerrancy,Dkt.380 is one of seven(7) prosecutions,simultaneously commenced by the defendants,against plaintiff in Nassau County,in the same criminal court,where they were seeking multiple punishments;but they were forced to abandon and dismiss Six of the Dkts.as they were factually and statutorily barred.In exhibit A,the defendants simply bewrayed that Dkt.380 stands only to affirm irrefragably,the multiciplicity of the alleged offenses,and authenticate the mirror image of the isomeric bifurcation of the alleged criminal transaction,cloaked in separate prosecutions,proscribed by the prohibitive Clause of the Double jeopardy of the State and the Constitution of the United States. The defendants, imbued with the ineluctable reality; heightened by diffidence--having failed to secure valid indictments in Nassau County--to overcome the procedural roadblocks--they plotted a separate prosecution in Queens County with flimsy evidence, inclemently, upon grotesque and tailored testimony.

* See the concocted agreement in Exhibit A

39. Exhibit A is wily, manipulative and coercive. The sinergy of this sinister tandem--is the kernel of the evil--against which, the prohibition of the Double Jeopardy Clause, was drafted and enacted--A mandate, expediently and abjectly trampled by the defendants. Thereby, depriving plaintiff his rights, privileges and immunities guaranteed by the Constitution of the State and the United States.

40. The defendants, acting in concert to defeat the established requisites, and the principles of due process; engaged in logistical gymnastics, whose equal may not be seen until the next Summer Olympics. And Kathleen Rice, DA, Richard Brown, DA, were not mere bystanders--They were indispensable arbiters--who opted to militate against the Rules, Laws and Rights bestowed by the Constitution of the United States. Thereby, hinderring the due course of justice to deprive plaintiff the Equal Protection under the Law.

## CAUSES OF ACTION

41. The allegations contained in the above paragraphs, are incorporated by refference as if fully set forth.

### FIRST CAUSE OF ACTION

When law enforcement officials create false information, knowingly to influence, and deceive the truth seeking process; and forward that information to other law enforcement officials, who then used it, as in the case at bar to prosecute plaintiff; they violate his Constitutional right to due process of law. Any harm occasioned by such unconscionable transgression, is redressable under 42 U.S.C.S. 1983.

### SECOND CAUSE OF ACTION

The defendants, acting in concert and in furtherance of their ploy to prosecute plaintiff separately in Queens County, subjecting him to multiple punishments, engaged in a corrupt investigation of him, rested on deliberate deception, fabrication of evidence, falsification and distortion of legal process to influence and circumvent the truth seeking function. Thereby, false arrest, illegal search and seizure, haling and traming plaintiff into multiple jurisdictions for separate prosecutions, coalesced from the same alleged coeval crimes and transaction.

### THIRD CAUSE OF ACTION

A pre-trial detainee is under the presumption of innocence; therefore, retained all his rights guaranteed under the Constitution of the United States. The defendants, acting in concert, maliciously distorted the legal process, falsified evidence to deprive him his Constitutional right against illegal search and seizure at his private house on or about March 18, 2008.

### FOURTH CAUSE OF ACTION

All crimes arising out of the same criminal transaction, or so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident; or so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture; must be consolidated in a single accusatory instrument, by compulsory joinder statute. No matter the number of jurisdictions involved and the statutory offenses technically violated; an accuse is not to suffer repeated or separate prosecutions for the same general conduct. The defendants, acting in concert, willfully and contemptibly ignored this mandate ;  prosecuted plaintiff separately in Queens County for alleged coeval criminal charges, arising from the same alleged criminal transaction, which was charged in Nassau County. Thereby, subjected plaintiff to Double Jeopardy, multiple punishments without probale cause and due process of law.

### FIFTH CAUSE OF ACTION

The Fourth Amendment requires that arrest and search warrant be based upon probable cause supported by oath or affirmation. The defendants, acting in concert, maliciously deprived plaintiff of his right, against illegal search and seizure without probable cause on July 30, 2008.

### SIXTH CAUSE OF ACTION

The unreasonable and official seizures, along with the illegal restraints of plaintiff by the defendants as setforth infra, without due process; are deprivation of liberty. Thereby, the defendants, knowingly and maliciously deprived plaintiff his rights, against illegal search and seizure by false arrest on March 16, 2009, to expose him negatively to the public, to harm and prejudice him; by humiliation, embarrassement, abuses, disgrace, and denigration without probable cause.

### SEVENTH CAUSE OF ACTION

The defendants,acting in concert,intentionally and maliciously deprived plaintiff his Constitutional right,against illegal search and seizure on March 19,2009, and subjected him to public obloquy,denigration,humiliation,embarrassement without pro-bable cause.

### EIGHTH CAUSE OF ACTION

The defendants,acting in concert and in furtherance of their ploy to pro-secute plaintiff maliciously and separately in Queens County,illegally seized plaintiff, where he was shackled,humiliated,embarrassed,disgraced and arraigned on a 34 counts in-dictment,on April 22,2009,in  Queens County.An indictment,the defendants knew well was based upon false testimony,falsification and fabrication of evidence.

### NINTH CAUSE OF ACTION

The defendants,acting in concert and in furtherance of their ploy to de-prive plaintiff of his Constitutional right,illegally seized plaintiff on about Sep-tember 1, 2008,in Nassau County,without probable cause and unlawfully confined him at Riker's Island,under harsher condition without any penological interest.

### TENTH CAUSE OF ACTION

The defendants,acting in concert,and in furtherance of their ploy to in-flict multiple punishments to plaintiff,improperly divided the unfounded criminal tran-saction,into a series of temporal and spartial units; upon which,they unlawfully seized plaintiff on July 20,2009,and illegally confined plaintiff at Riker's Island Correctio-nal Facility,without probable cause and due process of law. Thereby connivery, upon their expressed knowledge that they were pursuing a sham prosecution,unfounded and rejected by the court,on the facts, the evidence and the law.

ELEVENTH CAUSE OF ACTION

The defendants,acting in concert,illegally seized plaintiff in the Nassau County Jail,on about November 21,2008,under false pretense;and unlawfully,there-after,confined him at Riker's Island,To subject him to harsher conditions,from November 21 , 2008 to December 31 , 2008,without probable cause,and any penological interest or related to any legitimate non punitive objective.

TWELFTH . CAUSE OF ACTION

The defendants,acting in concert,and in furtherance of their ploy to prosecute plaintiff separately in Queens County and subject him to multiple punish-ments,usurped the duty of the Correctional Facilities,without jurisdiction and color of law,to circumvent their procedural protocol and criminal procedure law,in order to op-press,humiliate,embarrasse,disgrace,denigrate,stress and punish plaintiff unlawfully, without probable cause and due process of law.

THIRTEENTH CAUSE OF ACTION

The defendants, acting in concert,and in furtherance of their ploy to subject plaintiff to multiple punishments,assumed the authority of the Correctional Facilities without justification and color of law,and jurisdiction,to mistreat and abu-se plaintiff like a serf betwen the two counties,from July 30 , 2008 to July 27 , 2009, in violation of his Constitutional rights,against involuntary servitude,cruel and unu-sual treatment and punishment, with improper pre trial publicity to taint the jury pool.

FOURTHEENTH CAUSE OF ACTION

The humiliation,abuses,mistreatments,embarrassements,denigration,pu-blic obloquy,emotional pain and suffering,the stress and the psychological trauma,re-sulting from the defendants'wanton profanation,amounted to a sentence and punishment beyond what democracy and our civilization stand for,and as a matter of respect for the law,and to uphold the Constitution of the United States.

## FIFTHEENTH CAUSE OF ACTION

The criminal procedure law of the State of New York established and enacted procedures to produce and secure attendance of pre-trial detainees in court to face charges against them,and attend related proceedings to the charges.The defendants, acting in concert,maliciously and unlawfully circumvented the procedures and statutes, to abuse,oppress,humiliate,prejudice and punish plaintiff,in a separate prosecution, without probable cause,before a trial can be had and sentence imposed by a fair and impartial tribunal.

## SIXTEENTH CAUSE OF ACTION

The defendants municipalities and their respective officers,namely,Kathleen Rice,DA of Nassau County,Richard Brown,DA of Queens County,having sworn oath under color of law to uphold and abide by the Constitution and law of the State and the United States,to serve and protect.By virtue of their willful failure to intervene,to supervise and to act to halt the pattern of abuses and misconducts by their subordinates and agents,endorsed and directly committed the violation of plaintiff's rights, immunities and privileges guaranteed by the Constitution of the State and the United States.

## SEVENTHEENTH CAUSE OF ACTION

The defendants 'official and unofficial policies,customs and practices, are in deprave indifference to minimum rules of dignified treatment to plaintiff's pre-trial detention and basic human rights.They cobbled their own retributive justice, to vilify,abase and abash plaintiff oppressively,beneath the dignity of jurisprudence, not in sync. with our civilization and the values of a free society. The municipalities' officers, insouciantly, avoiched the constitutional violations at bar, and their hands are imbrued with the stain of all the misconducts,as described, supra.

EIGHTEENTH CAUSE OF ACTION

On about April 29,2008,the defendants,acting in concert,and with intent to deprive plaintiff,life,liberty and property without due process,initiated and continued a separate prosecution of plaintiff in Queens County,even when it was clear,and they knew well,there was no statutory authority and jurisdiction to prosecute plaintiff;and all the proceedings rested upon falsification of evidence,malice,distortion and perversion of legal process,to inflict multiple punishments to plaintiff without due process of law.

NINETEENTH CAUSE OF ACTION

At all times herein after mentioned,the defendants,acting in concert,with the endorsement of their municipality's officials and officers,engaged in a scheme to expose plaintiff negatively to the public,to oppress,humiliate and abuse him,without probable cause and due process of law.

TWENTIETH CAUSE OF ACTION

All law enforcement officials have an affirmative duty to intervene to protect the Constitutionl right of accused from infringement by other law enforcement officials.the defendants,acting in concert,under color of law,ordinances,customs,policies of the two municipalities,colluded wantonly in tandem,to subject plaintiff to multiple prosecutions for the same statutory offenses,in excess of their statutory duty and authority.Thereby,subjected plaintiff to multiple punishments in violation of the prohibition against Double jeopardy.

TWENTYFIRST CAUSE OF ACTION

The defendants,acting in concert,and in furtherance of their engagement to punish plaintiff excessively,unlawfully,and to deprive him of life,liberty and property without due process;knowingly proceeded in excess of their statutory authority and jurisdiction to prosrcute plaintiff,outside the bounds of constitutional requirement and the scope of their duty to fair dealing with the accused.

TWENTYSECOND CAUSE OF ACTION

The defendants,Richard Brown and Kathleen Rice,respectively District attorney of Queens County and Nassau County,acting in concert,as officers of their municipality,willfully removed all procedural bumps,erected by the Constitution of the United States,and statutes of law that protected plaintiff's guaranteed rights.Thereby,paved the way for the wheels of a corrupt investigation,and wholesally endorsed an indictment, which they knew,was based upon enforced prejudices,falsehoods,fabricated evidence and prevaricated testimony,to deprive plaintiff,life,liberty and property without due process of law.Conduct,against their oath to be tutelary of the Constitution of the United States,and to uphold the law,to correct falsehoods,to promptly disclose misrepresentations to the court,to fair dealing with the accused,not to seek punishment,unjustly,but to see that justice is done.A duty betrayed by these defendants,knowtowing to knaves,to the detriment of plaintiff's constitutional and protected rights.

TWENTYTHIRD CAUSE OF ACTION

The defendants, acting in concert,abused their authority to deceive the court.Thereby,curruptly and unconstitutionally,morphed a prosecution with the instrumentality of fraud and misrepresentations,to deign plaintiff,subjecting him to hardship,in thrall at their will and control,to defrock him,denying his basic human rights,as guaranteed under the Constitution of the United States.

TWENTYFOURTH CAUSE OF ACTION

The defendants,acting in concert and in furtherance of their ploy to amerce the plundered property from plaintiff,improperly used the U.S.Mail service to proffer misrepresentations and falsity to keep control and dominion over plaintiff's property,in violation of his right not to be deprived of property without probable cause and due process of law..Thereby connively,withhold plaintiff's property without authority.

TWENTYFIFTH CAUSE OF ACTION

The defendants,acting in concert,by committing these willful and wanton acts,without probable cause and justification;beyond the scope of their statutory authority;have injured plaintiff and he has been irreparably harmed.He is entitled to damages under U.S.C.S. 42 1983.

TWENTYSIXTH CAUSE OF ACTION

The acts,conducts and behavior of the defendants,and each of them, were performed knowingly,intentionally and maliciously;by virtue of which,plaintiff is entitled to an award of punitive damages,severally from each and all of the defendants; in the sum of $5,000,000.00(Five millions dollars).

TWENTYSEVENTH CAUSE OF ACTION

WHEREFORE; PLaintiff demands pursuant to Rule 38(b) of the Federal Rule Of Civ. Procedure Law and Rules;and local Rule 38.1 of the Eastern District Court of New York;a trial by jury,upon all the issues pled herein so triable,and prays for a restraining order of protection against all the defendants,agents and associates to cease and desist of any form of retaliation.

And an order,directing the defendants,Richard Brown and Kathleen Rice to promptly identify,without undue delay all the Jane Does and John Does;and let them be served of a copy of summons and this complaint.

Compensatory damages for deliberate infliction of pain and suffering, emotional stress,emotional distress,psychological pain,mental anguish,Physical abuse, involuntary servitude,infamy,public obloquy,mental cruelty,oppression,humiliation,embarrassement,psychological trauma,deprivation of life,liberty and property,depression, false arrests,unlawful imprisonment,loss of family and financial ties,family hardship and malicious prosecution,in the sum of $86,000,000.00 (Eightysix millions dollars).

and such further relief this honorable court may deem just.


       I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my personal knowledge,and are herein made in good faith.


Dated this December 10,2009.

_____
Marcel C. Bristol,Pro Se

Exhibit A

**Exhibit A**



KATHLEEN M. RICE
DISTRICT ATTORNEY

## OFFICE OF THE DISTRICT ATTORNEY
## NASSAU COUNTY
262 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501-4251
TELEPHONE (516) 571-3800

September 30, 2009

Mr. Marcel C. Bristol
ICN94080061
Nassau County Correctional Center
1 00 Carman Ave.
East Meadow, NY 11554

Re: RICE v. MARCEL C. BRISTOL
IND # 02346/2008

Dear Mr. Bristol,

At the time of your arrest on January 4, 2008, Four Thousand, Nine Hundred Fifteen and 00/100 Dollars ($4,915.00) was seized from you as the proceeds and/or substituted proceeds of the crime for which you now stand convicted.

At the time of your plea and sentence, you did not sign the Settlement Agreement agreeing to the forfeiture of the Four Thousand, Nine Hundred Fifteen and 00/100 Dollars ($4,915.00) which is being held by the Nassau County Police Department. It is our position that said money, as the proceeds and/or substituted proceeds of the felony offense for which you now stand convicted, is subject to forfeiture under Article 13-A of the Civil Practice Law and Rules of the State of New York. As a result, the District Attorney's Office is prepared to file a forfeiture action against you for forfeiture of this money.

Before initiating such a forfeiture action, we are now offering you the opportunity to sign the enclosed Settlement Agreement, which would settle the above-described forfeiture claim against you. If you choose to accept the settlement offered, please sign the Settlement Agreement before a Notary Public, and return it to this office by October 21, 2009. After the Agreement is signed and returned to this office, the forfeiture matter will be concluded, and there will be no need for further litigation. If you do not sign the Settlement Agreement, a lawsuit may be instituted against you by the Nassau County District Attorney's Office.

A stamped, return envelope is enclosed for your convenience.

Very truly yours,

KATHLEEN M. RICE
District Attorney

ANNE M. HUGGARD
Assistant District Attorney
Civil Forfeiture Bureau
(516) 571-3403

LJT:msk
En.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------X
KATHLEEN M. RICE, District Attorney for the
County of Nassau,

        Plaintiff/Claiming Authority

        - against -

MARCEL C. BRISTOL,

                     Defendant.
--------------------------------------------------------------------X

**SETTLEMENT
AGREEMENT**

IT IS HEREBY AGREED between the respective parties hereto, that all potential forfeiture claims and actions arising out of the January 4, 2008 arrest of MARCEL C. BRISTOL under the authority of Article 13-A of the Civil Practice Law and Rules of the State of New York, are settled upon the following terms and conditions:

The sum of Four Thousand Nine Hundred Fifteen and 00/100 ($4,915.00) Dollars is hereby forfeited by the defendant to the Nassau County District Attorney's Office under the authority of Article 13-A of the Civil Practice Law and Rules of the State of New York, for distribution pursuant to the provisions of that article.

The defendant concedes for the purpose of this agreement, and will not contest the allegations of having engaged in illegal conduct which constitutes a felony under the Penal Law, and to obtaining proceeds or substituted proceeds, in the amount of Four Thousand Nine Hundred Fifteen and 00/100 ($4,915.00) Dollars from said illegal activity or utilizing said currency as an instrumentality, thereof.

This money shall be paid by defendant to Plaintiff on demand, by cash, certified check or attorney's check, or at the discretion of Plaintiff, it may be paid from any funds previously obtained from defendant and presently in the custody of any law enforcement agency.

The defendant agrees that any other instrumentality, proceed, or substituted proceed, as those terms are defined in Article 13-A of the CPLR, of the defendant's illegal

conduct which constituted a felony under the Penal Law of the State of New York, that was seized by law enforcement as a result of the charges which arose under Docket Number 000380/08 and not otherwise described in this Agreement is, nevertheless, deemed forfeited as if it were specifically included in this Agreement.

The defendant admits that, for the purpose of the Bankruptcy Code, assets payable under this Agreement are not dischargeable and constitute property acquired as part of the criminal scheme, are criminal proceeds, and as such do not belong to the defendant.

Nothing contained in this agreement can be used by the District Attorney on their direct case or in rebuttal on this criminal prosecution; however, this agreement shall remain in full force and effect regardless of the ultimate disposition of the charges comprising Docket Number 000380/08 and/or any Superior Court Information encompassing these charges and the events which gave rise to them.

Dated: Mineola, New York
               , 2009


_____
Assistant District Attorney


_____
MARCEL C. BRISTOL
Defendant


On this       day of                , 2009, before me personally came MARCEL C. BRISTOL to me known to be the individual described in and who executed the above named document and he duly acknowledged before me that he executed the same.


_____
NOTARY PUBLIC