UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

N⁰ 09-CV-5544 (JFB) (AKT)

———————————

MARCEL C. BRISTOL,

Plaintiff,

VERSUS

COUNTY OF NASSAU, ET AL.,

Defendants.

———————————

ORDER ADOPTING REPORT AND RECOMMENDATION
January 3, 2012

———————————

JOSEPH F. BIANCO, District Judge:

On December 14, 2009, *pro se* plaintiff Marcel Bristol ("plaintiff" or "Bristol") brought this action, pursuant to 42 U.S.C. § 1983, against defendants Queens County, the Queens County District Attorney's Office, Queens County District Attorney Richard Brown, Assistant District Attorney Kendia Henry, Assistant District Attorney Neil Gitin, the New York Police Department ("NYPD"), NYPD detectives John Does 1-5 (collectively "Queens County Defendants"), as well as Nassau County, the Nassau County District Attorney's Office, Nassau County District Attorney Kathleen Rice, Assistant District Attorney Lauren Doddato, Assistant District Attorney "Jane Doe", the Nassau County Police Department, Detective Ronald R. Schepis and Detective John Harvey (collectively "Nassau County Defendants").

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Tomlinson, as well as plaintiff's objections to the R&R. The R&R recommended that the Nassau County Defendants' motion to dismiss be granted and plaintiff's cross-motion for summary judgment be denied. Furthermore, the R&R recommended that plaintiff be granted thirty (30) days to amend his pleading to attempt to correct the deficiencies. For the reasons that follow, the Court adopts in full Judge Tomlinson's thorough and well-reasoned R&R.

## I. PROCEDURAL HISTORY

On December 14, 2009, *pro se* plaintiff Marcel Bristol brought this action pursuant to 42 U.S.C. § 1983 against the Queens County Defendants and the Nassau County Defendants. On June 7, 2010, the Nassau County Defendants filed a motion to dismiss the complaint. Plaintiff filed a cross-motion for summary judgment on July 15, 2010, which also served as plaintiff's opposition to the Nassau County Defendants' motion to dismiss. The Nassau County Defendants filed their opposition to plaintiff's cross-motion for summary judgment on July 16, 2010. The Nassau County Defendants submitted their reply with respect to their motion to dismiss on August 4, 2010. By Order dated August 26, 2010, the Court referred the motions to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation.

On February 28, 2011, Magistrate Judge Tomlinson issued the R&R recommending that the Nassau County Defendants' motion to dismiss be granted and that plaintiff's cross-motion for summary judgment be denied, without prejudice, but granting plaintiff leave to file an Amended Complaint. The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days of receipt. (*See* Report and Recommendation dated February 28, 2011 ("R&R"), at 29-30.) By letter dated March 10, 2011 plaintiff requested an extension of the time during which he must file objections to Magistrate Judge Tomlinson's Report and Recommendation because of his need to review the Queen's County criminal file before filing his objections. By Order dated March 17, 2011, the Court, because there was no specific date requested in plaintiff's application, treated the application as a request to stay the lawsuit until such time that plaintiff completed his review of the file. On April 27, 2011, plaintiff filed a memorandum of law in support of objections to the R&R. (Pl.'s Objections, April 27, 2011 ECF No. 82.) Accordingly, by Order dated May 2, 2011, the Court lifted the stay.

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F.Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F.Supp. 509, 513 (S.D.N.Y. 1997) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985))*; Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). Where the report is dispositive of the case, the Court reviews *de novo* the portions to which objections have been filed. *See* Fed. R. Civ. P. 72(b); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008) (noting that a report recommending remand was dispositive).

## III. ANALYSIS

The Court has conducted a review of the full record, including, among other things, the complaint, the parties' respective submissions in connection with the parties' motions, as well as the R&R, applicable law, and plaintiff's objections. Having reviewed *de novo* all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the Report in its

entirety, for the reasons set forth therein and below.[1]

Plaintiff asserts a number of objections to the R&R's recommendation that the Court grant the Nassau County Defendants' motion to dismiss. In particular, plaintiff contends that Judge Tomlinson erred because (1) the R&R is predicated on misrepresentations by the Nassau County Defendants, (2) dismissal would violate the law of the case doctrine, (3) the R&R incorrectly used the plaintiff's arrest in Nassau County as a ground to recommend dismissal, (4) the R&R's finding of immunity was plain error and based on an incorrect interpretation of the law, and (5) the complaint established a pattern of violations and misconduct establishing municipal liability. As set forth below, these arguments are without merit.

### A. Alleged Misrepresentations

Plaintiff first alleges that the Nassau County Defendants' counsel, Jennean Rogers ("Rogers") made misrepresentations in her declaration in opposition to plaintiff's motion for summary judgment. (Pl.'s Objections at 2-3; *see also* Decl. of Jennean R. Rogers ("Rogers Decl."), July 16, 2010, ECF No. 49.) Plaintiff claims that Rogers falsely alleged "'she had a conversation with the Queens County defendants' attorney, who indicated to her, the file of the Queens County defendants' attorney, who indicated to her, the file of the Queens County prosecution is sealed because the case was terminated in plaintiff's favor; therefore defendants have no access to the file, in which she claimed, without any particularity or specificity, she has evidence to support, there was no double jeopardy, and the Nassau County defendants had no part in the prosecution of the plaintiff in Queens County.'" (Pl.'s Objections at 2.)

Plaintiff misquotes and mischaracterizes Rogers' declaration. Rogers' declaration states, "During a conversation with counsel for Queens County, I was told that Plaintiff's files could not be produced as they are under seal due to the dismissal of the criminal case in Queens." (Rogers Decl. at ¶ 14.) Rogers requests an opportunity to conduct discovery so that the Nassau County Defendants can "establish their belief that: the charges Plaintiff faced in Nassau County are separate and different from those he was prosecuted for in Queens County; Nassau County did not participate in the decision to arrest or prosecute Plaintiff in Queens." (*Id.* at ¶ 17.) As such, the R&R could not have been predicated on the "misrepresentations" that plaintiff alleges. Plaintiff has presented no evidence that Rogers lied about the telephone call or the substance of what was relayed during the call.[2]

In addition, the Rogers declaration was submitted in opposition to plaintiff's motion for summary judgment. Because the R&R grants the Nassau County Defendants' motion to dismiss, summary judgment would be inappropriate. Also, the R&R correctly concludes that summary judgment would be premature. The R&R sets forth the standard

---

[1] Even if the Court reviewed the entire R&R under a *de novo* standard, the Court would reach the same conclusion for the reasons set forth in the thorough R&R.

[2] The Court is aware that plaintiff signed a release of the sealed records pursuant to C.P.L. § 160.50, and that these records were eventually produced. (Order, May 9, 2011, ECF No. 85.) Even if the release had been signed prior to Rogers' declaration, as plaintiff claims it was, (*see* Pl.'s Letter, July 27, 2010, ECF No. 54), there is nothing to indicate that Rogers' statement regarding the substance of the telephone call is false.

3

for granting summary judgment in the absence of discovery outlined in *Wells Fargo Bank NW., N.A v. Taca Int'l Airlines S.A.*, 247 F. Supp. 2d 352, 360 (S.D.N.Y. 2002) (citing *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996). The R&R correctly held that the lack of discovery is not the fault of the Nassau County Defendants. Even assuming *arguendo* that the Queens County Defendants refused to turn over the file after plaintiff delivered his release for the records, this is not attributable to the Nassau County Defendants, who are separate entities and represented by separate counsel. The Nassau County Defendants have demonstrated that summary judgment would be premature.

### B. Law of the Case Doctrine

Plaintiff alleges that because this Court ordered the defendants to answer plaintiff's complaint, the Court indicated "that plaintiff alleged sufficient facts to state a claim against the Nassau County Defendants" and Magistrate Judge Tomlinson's findings regarding the insufficiencies in the complaint violated the law of the case doctrine. (Pl.'s Objections at 4-5.) The Court disagrees.

On December 23, 2009, this Court ordered, *inter alia*, that the plaintiff be granted leave to file his complaint without prepayment of the filing fee and that defendants were to answer plaintiff's complaint pursuant to 42 U.S.C. 1997E(g).[3] Order, Dec. 23, 2009, ECF No. 6. This Order has no bearing on a motion to dismiss. In any event, the law of the case doctrine is discretionary, and applies to issues of law already decided by the Court. *See RSL Comm'cns, PLC v. Bildirci*, No. 04-Civ-5217(RJS), 2009 WL 454136, at *2 (S.D.N.Y. Feb. 23, 2009); *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 142 (E.D.N.Y. 2009). The Court's Order directing defendants to answer was not a decision on an issue of law. Even if it was a decision on an issue of law, the Court would, in its discretion, decline to apply the law of the case doctrine here. As such, plaintiff's objection on this ground is without merit.

### C. Plaintiff's Nassau County Arrest

Plaintiff alleges that the R&R incorrectly uses plaintiff's conviction in Nassau County to defeat his claim of false arrest. (Pl.'s Objections at 5-6.) Although the plaintiff objects to the R&R on the grounds that the Nassau County Defendants were involved in his re-arrest in Queens County, his pleadings are insufficient to support plaintiff's claim under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff points to an alleged conspiracy without any factual allegations to support its basis. Such a conclusory allegation is insufficient to overcome a motion to dismiss. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983." (citing *Ciambriello*, 292 F.3d at 325 )); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Green v. Bartek*, No. 3:05CV1851(SRU), 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held that a

---

[3] Under 42 U.S.C. 1997E(g), "[t]he Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."

4

claim of conspiracy to violate civil rights requires more than general allegations.").

However, Magistrate Judge Tomlinson correctly noted that plaintiff should be given an opportunity to correct this pleading defect by alleging "specific facts and claims against the Nassau County Defendants with regard to their involvement in the circumstances surrounding his 're-arrest' and prosecution in Queens County." (R&R at 26.)

### D.  Absolute Immunity

Plaintiff alleges that the defendants associated with the Nassau County District Attorney's Office are not entitled to absolute immunity because the act of referring the charges to the Queens County District Attorney's Office was an investigative and ministerial act, not a prosecutorial act. (Pl.'s Objections at 7.)  The R&R correctly determined that an act of referring charges is a prosecutorial act.  Just as the decision of whether or not to prosecute requires "the professional evaluation of the evidence assembled by the police," so does the discretionary decision that a particular case is more appropriately prosecuted in another forum. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Toler v. Paulson*, 551 F. Supp. 2d 1039, 1049 (E.D. Cal. 2008) (prosecutor's referral of case to Attorney General's Office for prosecution is a prosecutorial act).  Therefore, the Court agrees with Magistrate Judge Tomlinson's conclusion that a prosecutor's decision to refer a case to another prosecutor's office is protected by absolute immunity.

### E.  Municipal Liability

Plaintiff alleges that he has alleged sufficient facts to establish municipal liability. (Pl.'s Objections at 8-9.) As Magistrate Judge Tomlinson correctly noted, allegations against a District Attorney's office for prosecutorial decisions cannot provide a basis for municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  As discussed above, the decision to refer a case to another prosecutor's office constitutes a prosecutorial decision and thus any municipal claim based on that decision fails as a matter of law.

In any event, even if plaintiff is attempting to assert his municipal liability claim based on some administrative action of the Nassau County District Attorney's Office, plaintiff's claim fails as a matter of law for the other reasons stated in Magistrate Judge Tomlinson's R&R.

5

### IV. CONCLUSION

Having conducted a *de novo* review of all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R in its entirety. Accordingly, IT IS HEREBY ORDERED that (1) the Nassau County Defendants' motion to dismiss is granted, and (2) plaintiff's motion for summary judgment is denied. IT IS FURTHER ORDERED that plaintiff is granted leave to re-plead as directed by the R&R by filing an Amended Complaint within thirty (30) days of the date of this Memorandum and Order. A copy of this Order has been mailed to *pro se* plaintiff.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 3, 2012
Central Islip, New York

\* \* \*

Plaintiff is proceeding *pro se*. The Nassau County Defendants are represented by the Office of the Nassau County Attorney, by Andrew Kenneth Preston and Jennean R. Rogers, 1 West Street, Mineola NY 11501.