**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MARCEL C. BRISTOL,

                Plaintiff,

                - against -

QUEENS COUNTY; QUEENS COUNTY DA'S
OFFICE; RICHARD BROWN, DA; DANIEL
O'BRIEN; QUYNDA FLEMING, ADA;
NEIL F. GITIN, ADA; N.Y.P.D. DETECTIVE
ONIEL MILLER; SEAN RING; JOHN DOE 1-4;
NASSAU COUNTY; NASSAU COUNTY DA'S
OFFICE; KATHLEEN RICE, DA; INSP. YSENTO,
Reg. 5519; LAUREN DODDATO, ADA;
JANE DOE, ADA; NASSAU COUNTY
DETECTIVES RONALD SCHEPIS and
JOHN HARVEY; HORVATH FRANK, et al.,

       Defendants.
---------------------------------------------------------X

**ORDER**

CV 09-5544 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff brings this Section 1983 action alleging, *inter alia*, cruel and unusual punishment, double jeopardy, illegal search and seizure, fabrication of evidence, and Section 1983 conspiracy. The Court has received the *pro se* Plaintiff's letter requesting that the Court extend Plaintiff's time to serve defendant Postal Inspector Ysento Belfort with the Summons and Second Amended Complaint. *See* DE 169. The U.S. Attorney's Office opposes Plaintiff's request. *See* DE 171. For the reasons that follow, Plaintiff's request is DENIED.

**II.    PROCEDURAL HISTORY**

Plaintiff filed the Complaint in this action on December 14, 2009. *See* DE 1. Plaintiff alleged violations of Section 1983 including, *inter alia*, cruel and unusual punishment, double

jeopardy, illegal search and seizure, fabrication of evidence, and conspiracy. *Id.* Plaintiff named Nassau and Queens Counties as Defendants, along with a number of individual Defendants, primarily police officers, detectives, and district attorneys from Suffolk and Nassau Counties. *See id.* Plaintiff also named as Defendants "John Does 1-5." *Id.* All of Plaintiff's allegations stemmed from incidents occurring in 2008. *See id.* Although "John Doe 5" was included in the caption of Plaintiff's Complaint, he was not specifically mentioned in the body of the Complaint.

On June 7, 2010, Nassau County and the individual defendants employed by Nassau County (the "Nassau County Defendants") moved to dismiss Plaintiff's Complaint. *See* DE 42. On January 5, 2012, the Nassau County Defendants' motion was granted in its entirety. *See* DE 95. However, Plaintiff was granted leave to file an Amended Complaint to state his claims with more specificity. *Id.*

On January 30, 2012, Plaintiff filed an Amended Complaint. DE 97. Shortly thereafter, on February 27, 2012, Plaintiff filed a Second Amended Complaint ("SAC") to correct an error in the Amended Complaint. DE 99. The Amended Complaint and the SAC asserted claims against "John Doe 1-4." DE 97, 99. The Amended Complaint and the SAC also included a new Defendant, "Insp. Ysento, Reg. 5519" (Inspector Ysento Belfort, hereafter "Inspector Belfort"), presumably replacing John Doe 5. DE 97, 99. The SAC alleges that Inspector Belfort knowingly and deliberately prepared a felony complaint littered with hearsay in order to secure an indictment against Plaintiff in the Queens County Criminal Court. SAC ¶ 17. Specifically, Plaintiff argues that Inspector Belfort acted as a complaining witness against Plaintiff, testifying falsely and offering fabricated evidence to secure an indictment against Plaintiff based on deliberate falsehoods. SAC ¶ 29. Plaintiff has previously introduced a copy of Inspector

Belfort's testimony in the Queens County Criminal Court as part of his opposition to the Nassau County Defendants' motion to dismiss. *See* DE 115.

On February 13, 2012, the Clerk's Office asked Plaintiff to provide the street address of Inspector Belfort to facilitate service of the Summons and Amended Complaint. DE 98. Apparently, Plaintiff responded to the request of the Clerk's Office, providing two addresses for Inspector Belfort. *See* DE 175, Ex. A.[1] Plaintiff stated that Inspector Belfort could be served at the Department of Justice Office in Washington, D.C. or at the U.S. Postal Inspector's Office in Flushing, New York. *See id.* On March 9, 2013, the Clerk's Office issued the Summons and SAC to Inspector Belfort, and directed the Marshal's Office to serve the Summons and SAC upon all of the Defendants.

On September 13, 2012, the Summons forwarded to Inspector Belfort at the U.S. Postal Inspector's Office in Flushing, New York was returned unexecuted, with the note "no one by above name works at above facility." DE 124. The Clerk's Office requested additional information from Plaintiff to effectuate service of the SAC upon Inspector Belfort. DE 125. In a letter dated October 4, 2013, Plaintiff responded to the Clerk's Office's request, stating that "[t]he full and complete name for the Queens County Postal Inspector is Yseult Belfort, AKA Seult Belfort. He can be served at his office in Queens County or through the office of the United States Attorney General." DE 131. On October 12, 2012, a certificate of service was returned executed for the U.S. Attorney's Office, 271 Cadman Plaza East, Brooklyn, New York,

---

[1] In response to the U.S. Attorney's Office's objections to Plaintiff's request for service on Inspector Ysento, Plaintiff has included correspondence with the Clerk's Office reflecting the fact that he provided two addresses for service for Inspector Belfort. *See* DE 175, Ex. A. However, the correspondence is not dated and was never filed on ECF.

11201. DE 130. The Summons and SAC were also served upon Inspector Belfort at the U.S. Attorney General's Office in Washington, D.C. DE 133.

On May 8, 2013, the Court met with the parties for a discovery status conference. DE 151. At the conference, the Plaintiff represented that Inspector Belfort had been served. *Id.* However, the Court noted that no answer had been filed on Inspector Belfort's behalf. *Id.* After the conference, the Court issued an Order to the U.S. Attorney's Office requesting a response regarding Inspector Belfort. *See* DE 152. The U.S. Attorney's Office represented that, because Inspector Belfort was identified in the SAC "as a defendant in an individual capacity," Inspector Belfort must be personally served. DE 158. The U.S. Attorney's Office argued that Inspector Belfort was never properly served and that Plaintiff had not made any attempt to properly serve Inspector Belfort or move for an extension of time to serve Inspector Belfort. *Id.*

The Court held another discovery status with the parties on May 28, 2013. DE 160. The Court discussed the U.S. Attorney's Office's submission with the *pro se* Plaintiff. *Id.* The Plaintiff represented that he would like an extension of time to have Inspector Belfort personally served with the SAC. *Id.* The Court advised Plaintiff that he would need to submit his request in writing as a letter motion. *Id.* The current outstanding request followed. *See* DE 169. The U.S. Attorney's Office opposes Plaintiff's request. *See* DE 171. Further, the Court has allowed the *pro se* Plaintiff to respond to the arguments set forth in the opposition filed by the U.S. Attorney's Office. *See* DE 172. On June 24, 2013, Plaintiff submitted his objections to that opposition. *See* DE 175. The Court has reviewed this issue as follows.

### III.     LEGAL STANDARD

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action

without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[2] However, where a plaintiff shows "good cause" for the failure to serve, "the court must extend the time for service for an appropriate period." *Id.*

"Rule 15(c) (1)(C) provides the federal standards for relation back." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Under Rule 15(c)(1)(C), an amendment to change the party against whom a claim is asserted will relate back only if all of the following specifications are met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within [the Rule 4(m) service period], and . . . the original complaint [was] filed within the limitations period.

*Hogan*, 738 F.3d at 517 (quoting *Barrow v. Wethersfield Police Dep't.*, 66 F.3d 466, 468–69 (2d Cir. 1995)) (emphasis in *Hogan*); *see* Fed. R. Civ. P. 15(c)(1).

"[I]n order to amend a pleading to replace a John Doe Defendant with a named Defendant where the statute of limitations has run, the claims must relate back as provided by Rule 15(c)." *Morales v. Cty. of Suffolk*, 952 F. Supp. 2d 433, 436 (E.D.N.Y. 2013) ("When an amended pleading changes a party or a party's name and the statute of limitations has run, the party seeking the amendment must also comply with Rule 15(c)."). However, it is well-settled that "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Barrow*, 66

---

[2] Rule 4(m) was amended on December 1, 2015 to reduce the presumptive time for serving a defendant after the complaint is filed from 120 days to 90 days. *See* Fed. R. Civ. P. 4 Advisory Committee's note. Given the circumstances presented here, this change in the Rule has no bearing or effect on the Court's decision on Plaintiff's motion.

5

F.3d at 468; *see Morales*, 952 F. Supp. 2d at 436; *Feliciano v. County of Suffolk*, No. CV 04-5321, 2013 WL 1310399, at *6 (E.D.N.Y. Mar. 28, 2013).

**IV.    DISCUSSION**

In general, the U.S. Attorney's Office argues that Inspector Belfort was never properly served in his personal capacity, and that Plaintiff has not made any "good faith" attempt to properly serve Inspector Belfort.  DE 171.  The U.S. Attorney's Office also contends that, in weighing prejudice to Inspector Belfort, late service would require Inspector Belfort to defend an action that was commenced in 2009 over alleged violations committed in 2008.  *Id.*  Plaintiff maintains that (i) he relied on the U.S. Marshals to serve the individual defendants; (ii) the conditions of his confinement and delays of discovery prevented timely service; (iii) he provided the Clerk's Office the information they requested in order to effectuate service; and (iv) service was eventually made upon Inspector Belfort in September 2012.  DE 175.

As an initial matter, with respect to Plaintiff's amending the Complaint to remove "John Doe 5" and add "Inspector Belfort," the Court notes that the Plaintiff never moved to amend the Complaint in this fashion.  Rather, on January 30, 2012, Plaintiff filed an Amended Complaint after his original Complaint was dismissed.  As noted, the original Complaint in this case was filed in January 2009, for alleged violations occurring in 2008.  DE 1. The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 depends on the law of the state in which the claims are brought.  *See, e.g., Feliciano*, 2013 WL 1310399, at *6.  For cases brought in New York, the ***statute of limitations is three years***.  *Id.* (emphasis supplied) (citing *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *Rodriguez v. City of New York*, No. 10–CV–1849, 2011 WL 4344057, at *2 (S.D.N.Y. Sept. 7, 2011)).  Therefore, in order for Plaintiff to have appropriately amended the Complaint to replace "John Doe 5" with "Inspector Belfort," the

6

claims must relate back as provided by Rule 15(c) in order for the claims to come within the period covered by the statute of limitations. *See, e.g., Morales*, 952 F. Supp. 2d at 436; *Feliciano*, 2013 WL 1310399, at *6.

The Court finds that the SAC amendment adding Inspector Belfort does not relate back to the original Complaint. As noted, the final condition of the relation back doctrine requires that the Proposed Defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed .R. Civ. P. 15(c)(1)(ii). However, it is well settled that "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Barrow* 66 F.3d at 468; *Morales*, 952 F. Supp. 2d at 436; *Feliciano*, 2013 WL 1310399, at *9. The Second Circuit addressed the issue of mistaken identity as it relates to John Doe defendants in *Barrow* and ruled that:

> . . . Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

*Barrow*, 66 F.3d at 468.

Although not cited by the Plaintiff, the Court notes that there has been some debate over the continuing vitality of *Barrow* after the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 177 L.Ed.2d 48 (2010). In *Krupski,* the plaintiff tripped over a cable and fractured her femur while on board the cruise ship Costa Magica. 560 U.S. at 541-42. Based on information on her ticket, Krupski's attorney sued Costa Cruise Lines, notwithstanding the fact that the ticket identified the carrier as Costa Crociere S.p.A., an Italian

7

corporation. *Id.* at 542. The plaintiff's attorney did not seek to add the correct entity until after the statute of limitations expired. *Id.* at 543. The Eleventh Circuit ruled that the proposed amendment did not relate back because the plaintiff was made aware of the existence of the correct entity prior to the expiration of the statute of limitations. *Id.* at 546. The Supreme Court reversed and, in doing so, made clear that "[t]he question under Rule 15(c) (1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the proper defendant], but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error." *Id.* at 548. However, in *Krupski,* the Supreme Court did not have reason to address the central holding of *Barrow* which is also the key issue in this case: whether a plaintiff's lack of knowledge as to the identity of "John Doe" Defendants can be considered a "mistake" or "error." *See Morales*, 952 F. Supp. 2d at 437. "Because *Krupski* does not address this isolated issue, the Court concurs with the other courts in this Circuit which have concluded that *Barrow* remains good law even after *Krupski*." *Id.* at 437-38 (collecting cases); *see, e.g.*, *Moran v. Cty. of Suffolk*, No. 11-CV-3704, 2015 WL 1321685, at *6, n.5 (E.D.N.Y. Mar. 24, 2015); *Ulloa v. City of New York*, No. 13-CV-5795, 2014 WL 1100226, at *2 (S.D.N.Y. Jan. 6, 2014); *Lewis v. City of New York*, No. 12-CV-2836, 2013 WL 6816615, at *6 (E.D.N.Y. Dec. 24, 2013), *aff'd*, 591 F. App'x 21 (2d Cir. 2015).

It is also worth noting that, without explicitly discussing the effect of *Krupski*, the Second Circuit has cited *Barrow* on the relation back doctrine in other cases decided after *Krupski*, further demonstrating *Barrow's* continued viability. *See Hogan*, 738 F.3d at 517-18; *Southerland v. City of New York*, 680 F.3d 127, 139 n.12 (2d Cir. 2012). Applying *Barrow* here, the Court concludes that Plaintiff has not satisfied the third prong of the Rule 15(c) test since the

Plaintiffs' lack of knowledge as to the identity of Inspector Belfort is not a mistake within the meaning of the Rule. *See Barrow*, 66 F.3d at 470.

The Court notes that "'[a]lthough not yet endorsed by the Second Circuit, some district courts have found an exception to the ruling in *Barrow* in situations where the defendants withheld identifying information or unreasonably delayed in producing such information.'" *Morales*, 952 F. Supp. at 438 (E.D.N.Y. 2013) (quoting *Feliciano,* 2013 WL 1310399 at *9) (collecting cases). Here, there is no evidence in the record that the Queens County Defendants unreasonably delayed discovery or prevented Plaintiff from obtaining discovery materials. On March 11, 2011, this Court directed the Queens County Defendants to provide Plaintiff with the records they received in response to a N.Y.C.P.L. § 160.50 release executed by Plaintiff regarding Plaintiff's criminal action in Supreme Court, Queens County. DE 67. Accordingly, on March 25, 2011, the Queens County Defendants provided Plaintiff with 364 pages of documents from the Queens County District Attorney's Office. *See* DE 79. The Queens County Defendants represented that they had turned over all of the necessary documents to Plaintiff, and that no other documents relating to Plaintiff's arrest and prosecution in Queens County had been provided to them. *Id.* In response to a motion for sanctions filed by Plaintiff, who believed he had not received the entire "court file" from the Queens County Defendants, *see* DE 77, this Court found that the Queens County Defendants had complied with their obligation to produce Plaintiff's criminal file. DE 85. Accordingly, the Court denied Plaintiff's motion for sanctions. DE 85.

The Court notes that it cannot be certain that information regarding Inspector Belfort was included in the Queens County Criminal file provided to Plaintiff in March 2011. However, it is highly likely that such information was included in the criminal file provided to Plaintiff, since

Inspector Belfort testified in the criminal court action. *See* DE 115. The Court also points out that this information was provided in March 2011, before the expiration of the three-year statute of limitations period. In any case, other than Plaintiff's general allegations that the Queens County Defendants have "delayed discovery," Plaintiff has pointed to no specific actions undertaken by the Queens County Defendants indicating that the Queens County Defendants "completely rebuffed or substantially delayed" discovery, or failed to provide relevant information until the expiration of the statute of limitations. *Compare Archibald v. City of Hartford*, 274 F.R.D. 371, 381–82 (D. Conn. 2011) (granting leave to amend where defendant's counsel "completely rebuffed or substantially delayed" plaintiff's efforts to discover the identities of officers with whom he interacted); *Byrd v. Abate*, 964 F. Supp. 140, 145–46 (S.D.N.Y.1997) (granting leave to amend where plaintiff requested identifying information prior to expiration of limitations period, but defendant failed to provide it until period expired).

Even if the Court found that Defendants had delayed discovery such that an exception to the ruling in *Barrow* exists, the Plaintiff cannot satisfy the second prong of the relation back test in any event. As noted, "[i]n order to satisfy the second prong of the relation back test, a plaintiff must demonstrate that 'within the period provided by Rule 4(m) for serving the summons and complaint' . . . the newly named defendant must have 'received such notice of the action that it will not be prejudiced in defending on the merits.'" *Feliciano*, 2013 WL 1310399, at *8 (citing *Krupski,* 130 S. Ct. at 2491–92 (quoting Rule 15(c)(1)(C) (I)). Although actual notice is preferable, constructive notice may be sufficient. *Curry v. Campbell,* No. 06–CV–2841, 2012 WL 1004894, at *3 (E.D.N.Y. Mar. 23, 2012); *Smith v. Westchester Cnty. Dep't of Corr.*, No. 07–CV–1803, 2012 WL 527222, at *4 (S.D.N.Y. Feb. 15, 2012). "Constructive notice is derived from the presumed knowledge of the attorney who represents the original defendant(s) and who

would represent the prospective defendant(s) if leave to amend were granted." *Smith*, 2012 WL 527222 at *4; *Archibald,* 264 F.R.D. at 380. Knowledge of the lawsuit will be imputed to the attorney who represents the original defendants "so long as there is some showing that the attorney knew that additional defendants would be added to the existing suit." *Smith*, 2012 WL 527222 at *5; *Byrd*, 964 F. Supp. at 140; *Rodriguez,* 2011 WL 4344057, at *7. The key inquiry is whether the attorney had sufficient knowledge of the identity of the defendant to enable him or her to inform the prospective defendant of the lawsuit and take steps to begin preparing a defense. *See Velez v. Fogarty*, No. 06–CV–13186, 2008 WL 5062601, at *6 (S.D.N.Y. Nov. 20, 2008); *Archibald,* 264 F.R.D. at 380; *Curry,* 2012 WL 1004894, at *4.

Here, Plaintiff has not argued that Inspector Belfort had actual notice of the Complaint within the relevant time period. The evidence in the record indicates that Inspector Belfort did not receive actual notice of the Complaint. Further, the Court finds that Inspector Belfort has not had constructive notice of the Complaint. Inspector Belfort is an employee of the U.S. Postal Service, apparently sued in his individual capacity. Thus, counsel for the existing Defendants, representing Queens and Nassau County employees, could not have received "constructive notice" of the lawsuit on behalf of Inspector Belfort, because they were not representing Inspector Belfort, a federal employee. In fact, all of the correspondence concerning Inspector Belfort in this action has come from the U.S. Attorney's Office. Further, even if Inspector Belfort were to be represented by the same counsel as the other Defendants in this action, due to the nature of the original Complaint, there is no way that counsel could have "had sufficient knowledge of the identity of the defendant to enable him or her to inform the prospective defendant of the lawsuit and take steps to begin preparing a defense." *See Velez*, 2008 WL 5062601, at *6; *Archibald,* 264 F.R.D. at 380; *Curry,* 2012 WL 1004894, at *4. The reason is

that the Complaint contained no references to "John Doe 5" other than in the caption. *See* DE 1. The Complaint references John Does 1-3 on a number of occasions, and refers generally to the "individual defendants." *See id*. However, "John Doe 5" is never referred to in the body of the Complaint. Therefore, there is no way that counsel for the Queens or Nassau County defendants could have had sufficient knowledge that "John Doe 5" was Inspector Belfort. As such, Plaintiff cannot satisfy the second prong of the relation back test.

**V.   CONCLUSION**

Based on the foregoing factors, Plaintiff's request that the Court extend Plaintiff's time to serve defendant Postal Inspector Ysento Belfort with the Summons and Second Amended Complaint is DENIED.

**SO ORDERED:**

Dated: Central Islip, New York
April 15, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge