**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MARCEL C. BRISTOL,

                              Plaintiff,                                    **ORDER**


                    - against -                                        CV 09-5544 (JMA) (AKT)

QUEENS COUNTY; QUEENS COUNTY DA'S
OFFICE; RICHARD BROWN, DA; DANIEL
O'BRIEN; QUYNDA FLEMING, ADA;
NEIL F. GITIN, ADA; N.Y.P.D. DETECTIVE
ONIEL MILLER; SEAN RING; JOHN DOE 1-4;
NASSAU COUNTY; NASSAU COUNTY DA'S
OFFICE; KATHLEEN RICE, DA; INSP. YSENTO,
Reg. 5519; LAUREN DODDATO, ADA;
JANE DOE, ADA; NASSAU COUNTY
DETECTIVES RONALD SCHEPIS and
JOHN HARVEY; HORVATH FRANK, et al.,

                              Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        At the July 12, 2016 Status Conference, the Court denied the *pro se* plaintiff's letter

motion [DE 257]  seeking to serve written questions in lieu of a deposition upon Nassau County

Court Judge David P. Sullivan who presided over portions of plaintiff's underlying criminal case.

*See* July 12 Civil Conference Minute Order, DE 284.   In that motion, plaintiff had stated the

following:

> Upon a motion to inspect and dismiss the indictment allegedly voted
> by a Nassau County grand jury on February 29, 2008, the Hon.
> Sullivan concluded that, after review of the minutes of the indictment,
> he was satisfied the evidence and presentation thereof was legally
> sufficient and competent to support all the charges.
>
> Now, the records manifestly revealed the Nassau County grand jury
> never took such action. The testimony of Judge Sullivan will be both

> probative and material as he is the only witness who allegedly
> reviewed the minutes of that indictment– albeit it never existed and
> its existence was fabricated by the named defendants in this case.

DE 257.  Counsel for non-party Judge Sullivan opposed the motion, noting that the application was improper as an "effort to impeach Judge Sullivan's thought processes and rulings."  *See* DE 265.  Citing a variety of cases, counsel went on to argue that "a judge is 'absolutely immune from testifying about his mental processes' used 'in formulating official judgments or the reasons that motivated him in the performance of his judicial duties.'"  *Id*. (quoting *Watkins v. City of New York*, Nos. 14-CV-0887, 14-CV 1378, 14-CV-1653, 14-CV-1654, 14-CV-1655, 2015 WL 4865139, at *1,3 (S.D.N.Y.  Aug. 13, 2015)).  This Court denied plaintiff's motion and directed his attention to the *Watkins* case.  DE 284.  In doing so, the Court pointed out that Judge Sullivan has judicial immunity and the case law is clear that his thought process and/or reasoning for his rulings regarding the underlying indictment were protected from disclosure.  *Id*.

Approximately one week after the Court's ruling, plaintiff filed a motion for reconsideration.  *See* DE 279.  According to the plaintiff, he is not seeking to inquire into Judge Sullivan's mental impressions but rather wishes "to inquire into the documents submitted by the defendants to influence his task, within his possession at the time of his ruling.  Barring [*sic*] a a large-scale conspiracy alleged in the amended complaint; and which this Court has upheld,[1] DE 135."  *Id*.

---

[1]    DE 135 is this Court's Report and Recommendation to Judge Bianco who was then assigned to this case.  To clarify, this Court did not uphold "a large-scale conspiracy ." Rather, the Court simply found that the plaintiff had adequately alleged the elements of a Section 1983 conspiracy claim at that point in time to enable the case to go forward and to defeat a motion to dismiss on that basis.  The facts had not yet been tested through discovery and no proof had been presented. Therefore, the Court made no finding as to the merits of the claim.

A motion for reconsideration brought pursuant to Rule 59 and Local Rule 6.3 "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order." *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (citing Local Civil Rule 6.3). "The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (quotation marks omitted); *see also Wallace v. Brown*, 485 F. Supp. 77, 78 (S.D.N.Y. Oct. 9, 1979). Furthermore, "[a] party seeking reconsideration may . . . no[t] "advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quotations and citation omitted)); *see, e.g., Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014); *Image

*Processing Techs., LLC v. Canon Inc.*, 10–CV–3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan.26, 2012) ("[A] party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration.") (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)).  It is within the sound discretion of the district court whether or not to grant a motion for reconsideration.  *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

Having considered the plaintiff's argument, the Court concludes that plaintiff Bristol has not met his burden of showing that the grounds for reconsideration are present here – that is, that there has been an intervening change of controlling law, that new evidence has become available, or that there exists "the need to correct a clear error or prevent manifest injustice."  *Virgin*, 956 F.2d at 1255.  This motion is essentially the embodiment of plaintiffs' disagreement with the prior rulings of the Court – not grounds that fit within Local Rule 6.3.  The plaintiff's reliance on *United States v. Roth*, 332 F.Supp.2d 565 (S.D.N.Y. 2004) is unpersuasive.  Plaintiff omits the fact that the court in *Roth* actually granted the motion to quash the subpoena for the testimony of the state court judge who had accepted defendant Ross's plea.  In fact, the court pointed out the Federal Rule and Judicial Canons "which reflect a presumption against judicial testimony, which presumption warrants heightened scrutiny when a party seeks to require a judge to testify."  *Id*. at 567.  Plaintiff has not overcome that presumption in the instant case.

It is important to note here that the crux of plaintiff's underlying action is that he was detained unlawfully in the Nassau County Jail and that the defendants, acting in concert, illegally seized him from the Nassau County Jail and brought him to the Queens County Criminal Court

where he was arraigned on a 34-count indictment, purportedly derived from the same criminal conduct serving as the basis of Nassau County's accusatory instrument.  *See generally* Amended Complaint, DE 97.  The Court disagrees with plaintiff's contention that he can only get certain information that he asserts he needs directly from Judge Sullivan, particularly since he has sued the District attorneys from both Queens and Nassau Counties as well as certain assistant district attorneys, these offices are responsible for the contents of any charging instruments.

For the foregoing reasons, plaintiff Bristol's motion for reconsideration [DE 279] is DENIED.

Counsel for the Nassau County defendants is directed to serve a copy of this Order on the pro se plaintiff forthwith by first-class mail and by email (if feasible) and to file proof of such service on ECF.

**SO ORDERED.**

Dated:  Central Islip, New York
　　　　March 31, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge