UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARCEL C. BRISTOL,

                          Plaintiff,

                   - against -

QUEENS COUNTY; QUEENS COUNTY DA'S
OFFICE; RICHARD BROWN, DA; DANIEL
O'BRIEN; QUYNDA FLEMING, ADA;
NEIL F. GITIN, ADA; N.Y.P.D. DETECTIVE
ONIEL MILLER; SEAN RING; JOHN DOE 1-4;
NASSAU COUNTY; NASSAU COUNTY DA'S
OFFICE; KATHLEEN RICE, DA; INSP. YSENTO,
Reg. 5519; LAUREN DODDATO, ADA;
JANE DOE, ADA; NASSAU COUNTY
DETECTIVES RONALD SCHEPIS and
JOHN HARVEY; HORVATH FRANK, et al.,

                          Defendants.
-------------------------------------------------------------X

**ORDER**

CV 09-5544 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The *pro se* plaintiff filed a letter motion [DE 282] seeking a "ruling on the defendants' failure to comply to F.R.C.P. 34, to the extent they objected to all my requests for production of specific documents – – business records in their exclusive possession and control – – with boiler plate language." The defendants did not file any response to this motion.

      The Court draws plaintiff's attention to DE 270, the Court's June 15, 2016 Order which previously addressed this issue. The plaintiff asserted that the defendants' document production was not responsive to some of his discovery demands. In the June 15 Order, the Court informed the plaintiff that his letter request on the issue of the sufficiency of the defendants' document production was not properly constituted. The Court pointed out that "Plaintiff must identify the specific numbered document request(s) he contends is deficient, explain what he asked for in the

request(s) and identify with specificity what he believes he did not get." DE 270. This was a liberal application of Local Civil Rule 37.1 which discusses the method of presenting a discovery dispute to the Court when it involves a specific response to a specific discovery demand. The goal was to convey to the plaintiff what he needed to do to comply with the regular procedures for discovery here in this District, particularly in light of his *pro se* status. The Court went on to note that "[g]eneralized statements of deficient responses are unacceptable." *Id*. Plaintiff was informed that if he intended to pursue this issue, he had until June 27, 2016 to provide this further information to the Court "or the Court will deem his right to do so waived." *Id.*

On June 21, 2016, six days before the deadline to submit his revised motion, *pro se* plaintiff Bristol submitted a three-paragraph letter motion [DE 273] to the Court, once again asking for the same relief in the same procedurally and substantively defective manner. Specifically, Plaintiff stated "I respectfully request a ruling on the defendant's blanket objections to my demand to produce documents in requests No. one through twelve. The defendants' counsel has released to me sixty one pages of documents purported to be responsive to my demands to produce documents. Albeit, they also alleged to have supplemented their responses . . . ." DE 273. Plaintiff went on to state "Inasmuch as the objections may be made in good faith, I respectfully Request a ruling on the legality of the objections thereof." *Id*. Unfortunately, the plaintiff did not comply with the ruling and directives contained in DE 270. Once the Court reviewed the new motion, it issued an Order on July 5, 2016. *See* DE 274. In that Order, the Court set forth the following ruling:

> Plaintiff's letter motion is not a proper request for Court intervention on the issue of the sufficiency of the Queens County Defendants' document production. Rather, as the Court previously explained in its June 15, 2016 Order [DE 270], Plaintiff must identify the specific numbered document request(s) he contends is deficient, explain what he asked for in the request(s), and identify with specificity what he believes he did not get.

> This must be done separately for each response that Plaintiff claims is deficient. Generalized statements of deficient responses are unacceptable. If Plaintiff intends to pursue this issue, he has until **July 14, 2016** to submit a proper request for relief. If the submission is not made by July 14, 2016, then Plaintiff's right to seek such relief will be deemed waived.

DE 274.

The Court interprets plaintiff's July 22, 2016 submission to be a letter motion responding to the Court's Order of July 5, 2016 [DE 274]. Plaintiff once again states "I am the plaintiff proceeding pro se; and I submit this letter, respectfully, in support to my application for a ruling on the defendants' failure to comply with FRCP 34, to the extent they objected to all my requests for production of specific documents. . . with boiler plate language." DE 282. In this instance, plaintiff again failed to comply with the Order and directives given to him in the Court's prior Orders. The plaintiff has now had multiple "bites at the apple," and has not complied for whatever reasons are known to the plaintiff alone. Although plaintiff is proceeding in a *pro se* capacity, he has an obligation, notwithstanding his *pro se* status, to be aware of and adhere to all applicable procedural rules. *Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006) (quoting *McNeil v. U.S.*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993)) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); s*ee Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal citation omitted); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (finding that *pro se* litigants "generally are required to inform themselves regarding procedural rules and to comply

with them") (internal quotations and citation omitted); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (same); *Tomaino v. U.S.*, No. 09-CV-1578, 2010 WL 1005896, at *2 (E.D.N.Y. Mar. 16, 2010) (recognizing that status as *pro se* plaintiff does not "reduce [plaintiff's] burden" to adhere to procedural rules).  For these reasons, plaintiff's motion to compel is DENIED. [1]

**SO ORDERED**

Dated:   Central Islip, New York
         March 31, 2017

/s A. Kathleen Tomlinson
A.  KATHLEEN TOMLINSON
United States Magistrate Judge

---

[1]   The Court points out that even if the Court had moved to the merits of plaintiff's argument, the motion would still be denied.  What plaintiff refers to as "boilerplate objections" are actually acceptable general objections normally asserted by attorneys to ensure preservation of those objections, even where the party then substantively responds.  Here, the Court notes by way of example that after stating the general objections, counsel went on to add "Notwithstanding these objections and without waiving them, a copy of a Certificate of Disposition dated April 12, 2010 is attached hereto" (Demand #6); "Notwithstanding these objections and without waiving them, upon information and belief, Plaintiff was not arrested while at the Nassau County Correctional Center.  As set forth in response to Demand #2, copies of lawful Court Orders to transfer Plaintiff's custody from Nassau County to New York City have been requested and, upon receipt, shall be furnished to plaintiff" (Demand #7).  DE 279.