UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MARCEL BRISTOL,

               Plaintiff,

     -against-

QUEENS COUNTY; QUEENS COUNTY DA'S
OFFICE; RICHARD BROWN, DA; NEIL F.
GITIN, ADA; N.Y.P.D.; NASSAU COUNTY;
NASSAU COUNTY DA'S OFFICE; LAUREN
DADDATO; DIANE PERESS, ADA; DET.
RONALD R. SCHEPIS; DET. JOHN HARVEY;
DETECTIVE DANIEL O'BRIEN; QUYNDA
FLEMING, ADA; ONEIL MILLER,
DETECTIVE; INSP. YSENTO, Inspector Reg.
5519; FRANK HORVATH SGT.; DETECTIVE
(RETIRED) JOSEPH BRANCACCIO;
DETECTIVE (RETIRED) DOUGLAS LEE;
DETECTIVE (RETIRED) PATRICK DOLAN;
and SERGEANT (RETIRED) JOHN KENNA,

               Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
09-CV-5544 (JMA) (AKT)

FILED
CLERK

9/11/2018 4:31 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      On December 14, 2009, *pro se* plaintiff Marcel Bristol ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution against Queens County, the Queens County District Attorney's Office, Queens County District Attorney Richard Brown ("DA Brown"), Detective Daniel O'Brien ("Det. O'Brien"), Detective Sean Ring ("Det. Ring"), Assistant District Attorney Quynda Fleming ("ADA Fleming"), Assistant District Attorney Neil Gitin ("ADA Gitin"), Detective Oneil Miller ("Det. Miller"), Police Sergeant Frank Horvath ("Sgt. Horvath"), the New York City Police Department ("NYPD"), and Detectives John Does 1-4 (collectively, the "Queens County

Defendants") as well as Nassau County, the Nassau County District Attorney's Office, Nassau County District Attorney Kathleen Rice ("DA Rice"), Assistant District Attorney Lauren Doddato ("ADA Doddato"), Assistant District Attorney "Jane Doe" ("ADA Doe"), Detective Ronald R. Schepis ("Det. Schepis"), and Detective John Harvey ("Det. Harvey") (collectively, the "Nassau County Defendants"). On June 13, 2016 and September 27, 2016, the Queens County Defendants filed pre-motion letters seeking to file a motion to dismiss Plaintiff's claims against Sergeant Richard Lewis pursuant to Federal Rule of Civil Procedure 12(b)(6) and to dismiss the claims against Queens County, the Queens County District Attorney's Office, the NYPD and DA Richard Brown pursuant to Federal Rule of Procedure 12(c). On January 26, 2017, I referred the two pre-motion conference requests and any resulting motion to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation ("R&R"). On April 28, 2017, defendants filed their motion to dismiss.

On March 30, 2018, Judge Tomlinson issued an initial R&R. On April 16, 2018, the Queens County Defendants filed objections to the R&R. On May 5, 2018, Plaintiff filed objections to the R&R. On August 14, 2018, Judge Tomlinson issued a correction to the R&R, clarifying her recommendations therein as follows: (1) all claims asserted against the Queens District Attorney's Office, District Attorney Richard Brown, and the NYPD be dismissed; (2) all claims against Det. Richard Lewis, Det. Patrick Dolan and Sgt. John Kenna be dismissed; (3) all claims against Det. Brancaccio and Det. Lee be dismissed; (4) the false arrest, malicious prosecution, double jeopardy, excessive force, and municipal liability claims be dismissed; (5) the Fourteenth Amendment claim based on Plaintiff's transfers to Rikers Island be dismissed; (6) the due process claim based on Plaintiff's appearance in prison garb be dismissed; (7) the Fourth Amendment claim based on the perp walk be dismissed; (8) the claims for conspiracy and fabrication of evidence against ADA

Gitin and ADA Fleming be dismissed based on absolute prosecutorial immunity; (9) the motion to dismiss the fabricated evidence claim and the conspiracy claim related to fabricated evidence as against Det. Miller, Det. O'Brien, Det. Ring, and Sgt. Horvath be denied on the grounds that the qualified immunity defense should be deferred at this time; and (10) the motion to dismiss the illegal search claim and the conspiracy claim related to the illegal search as against Det. Miller, Det. O'Brien, Det. Ring, and Sgt. Horvath be denied. On that same day, I issued an order allowing the parties to file any additional objections solely with respect to Judge Tomlinson's correction to the R&R and advised the parties that their original objections would be considered by the Court. No additional objections were filed.

Having conducted a review of the full record and the applicable law, I adopt Judge Tomlinson's R&R (as corrected) in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and the instant objections, and I agree with Judge Tomlinson's comprehensive and well-reasoned R&R. Accordingly, the Court: (1) dismisses all claims asserted against the Queens District Attorney's Office, District Attorney Richard Brown, and the NYPD; (2) dismisses all claims against Det. Richard Lewis, Det. Patrick

Dolan and Sgt. John Kenna; (3) dismisses all claims against Det. Brancaccio and Det. Lee; (4) dismisses the false arrest, malicious prosecution, double jeopardy, excessive force, and municipal liability claims; (5) dismisses the Fourteenth Amendment claim based on Plaintiff's transfers to Rikers Island; (6) dismisses the due process claim based on Plaintiff's appearance in prison garb; (7) dismisses the Fourth Amendment claim based on the perp walk; (8) dismisses the claims for conspiracy and fabrication of evidence against ADA Gitin and ADA Fleming based on absolute prosecutorial immunity; (9) denies the motion to dismiss the fabricated evidence claim and the conspiracy claim related to fabricated evidence as against Det. Miller, Det. O'Brien, Det. Ring, and Sgt. Horvath on the grounds that the qualified immunity defense should be deferred at this time; and (10) denies the motion to dismiss the illegal search claim and the conspiracy claim related to the illegal search as against Det. Miller, Det. O'Brien, Det. Ring, and Sgt. Horvath.

Therefore, the sole remaining claims in this case are the § 1983 causes of action for fabrication of evidence and illegal search and the § 1983 limited conspiracy claims based on the fabrication of evidence and illegal search as against Det. Miller, Det. O'Brien, Det. Ring and Sgt. Horvath.

The Clerk of Court is directed to mail a copy of this order to the pro se plaintiff.

**SO ORDERED.**

Dated: September 11, 2018
Central Islip, New York

                  /s/ (JMA)
                  JOAN M. AZRACK
                  UNITED STATES DISTRICT JUDGE