UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MARCEL C. BRISTOL,

                Plaintiff,

   -against-

QUEENS COUNTY, QUEENS COUNTY DA'S
OFFICE, DA RICHARD BROWN, ADA KENDIA
HENRY, ADA NEIL F. GITIN, N.Y.P.D.
DETECTIVE (RETIRED) RICHARD LEWIS,
ADA LAUREN DADDATO, in her individual capacity,
ADA DIANE PERESS, in her individual capacity,
DETECTIVE RONALD R. SCHEPIS, in his individual
capacity, DETECTIVE JOHN HARVEY, in his
individual capacity, DETECTIVE DANIEL O'BRIEN,
ADA QUYNDA FLEMING, DETECTIVE ONEIL
MILLER, INSP. YSENTO, SGT FRANK HORVATH
DETECTIVE (RETIRED) JOSEPH BRANCACCIO,
DETECTIVE (RETIRED) DOUGLAS LEE,
DETECTIVE (RETIRED) PATRICK DOLAN,
SERGEANT (RETIRED) JOHN KENNA,

                Defendants.

----------------------------------------------------------------------X
MARCEL C. BRISTOL,

                Plaintiff,

   -against-

PROBATION DEPARTMENT OF NASSAU COUNTY;
NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE;
KATHLEEN RICE, DA OF NASSAU COUNTY; STHEN
THIBAULT A/K/A THIBAULT STHENK, ATTORNEY
AND LEGAL ADVISOR FOR THE NASSAU COUNTY
DEPARTMENT OF PROBATION; HARVEY, JOHN,
DETECTIVE OF NASSAU COUNTY; RONALD S.

For Online Publication Only

**ORDER**
09-CV-5544 (JMA) (AKT)

FILED
CLERK

3/26/2021 12:02 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

14-CV-6647 (JMA) (AKT)

SCHEPIS, DETECTIVE OF NASSAU COUNTY;
ANNE M. HUGGARD, ADA OF NASSAU COUNTY;
LAUREN DODDATO OF NASSAU COUNTY; ET AL.,

                                Defendants.
-----------------------------------------------------------------------X

**APPEARANCES:**

Marcel C. Bristol
#33-A Bizoton 51
Port-Au-Prince, Haiti
    *Pro Se Plaintiff*

Jared A. Kasschau
Callan W. Tauster
Nassau County Attorney's Office
One West Street
Mineola, New York 11501
    *Attorneys for the Nassau County Defendants*

James E. Johnson
Maria Fernanda DeCastro
Corporation Counsel of the City of New York
100 Church Street, Room 3-180
New York, New York 10007
    *Attorneys for the Queens County Defendants*

**AZRACK, United States District Judge:**

## I. BACKGROUND:

Plaintiff Marcel C. Bristol ("Plaintiff") brings two separate complaints against a set of defendants from Queens County and another set of defendants from both Queens and Nassau Counties. (Dkt. 09-CV-5544, ECF No. 1; Dkt. 14-CV-6647, ECF No. 1.) The Court previously recounted Plaintiff's allegations in detail in several prior orders, which the Court adopts by reference here. (Dkt. 09-CV-5544, ECF Nos. 64, 140, 326; Dkt. 14-CV-6647, ECF Nos. 65, 89.) In this Order, the Court discusses only the procedural history relevant for resolution of the instant motions to dismiss for failure to prosecute.

A. **Docket 09-CV-5544**

Plaintiff initiated his first action on December 14, 2009 against Queens County; Queens County DA's Office; Richard Brown, DA; Kendia Henry, ADA; Neil Gitin, ADA; NYPD Detective Lynch; John Doe 1-5; Nassau County; Nassau County DA's Office; Kathleen Rice, DA; Lauren Doddato, ADA; Jane Doe, ADA; NCPD Detective Ronald R. Schepis; and Detective John Harvey ("Defendants").  (ECF No. 1.)  He brought various claims pursuant to 42 U.S.C. § 1983 in which he alleged that he was unreasonably searched, falsely arrested, and faced repeated prosecutions for the same conduct.  (Id.)  Plaintiff filed an Amended Complaint on January 30, 2012, (ECF No. 97), and a Second Amended Complaint on February 27, 2012, (ECF No. 99).  The Court granted one motion to dismiss and granted in part and denied in part two other motions to dismiss.

As discovery proceeded, Magistrate Judge A. Kathleen Tomlinson held a status conference on March 26, 2019 during which she ordered the parties to complete Plaintiff's deposition by May 28, 2019.  (ECF No. 328.)  Judge Tomlinson and the parties discussed potential options for conducting the deposition remotely since Plaintiff lived in Haiti.  Ultimately, the parties were unable to meet Judge Tomlinson's deadline because of logistical issues.  Plaintiff did not have a computer and requested that Defendants provide him the necessary accommodations for the deposition to take place.

Upon the application of Defendants, Judge Tomlinson extended the deadline to conduct the deposition until July 30, 2019.  In her Order, Judge Tomlinson explained:

> The pro se Plaintiff needs to deal with the reality that this is his case, and it is his responsibility to move the case forward.  We have discussed previously that the responsibility for making whatever accommodations are necessary to take the Plaintiff's deposition remains with the Plaintiff.  The Defendants are not responsible for the fact that the Plaintiff is living in Haiti, nor are they responsible for costs incurred in this litigation directly related to the Plaintiff's residence in

3

> Haiti. Defendants have no obligation to provide Plaintiff with a computer nor to rent a conference room for Plaintiff's use during the deposition. To the extent counsel for the Defendants is able to assist in the process, so much the better. However, the Plaintiff cannot lose sight of the fact that he initiated this litigation and it is his obligation/burden, under the Federal Rules and Second Circuit case law, to move the process forward and to absorb whatever costs are made necessary by his circumstances.

(ECF No. 340 at 2.)

Ultimately, the parties were again unable to conduct Plaintiff's deposition by the Court's deadline. During an August 7, 2019 teleconference, Judge Tomlinson extended the deadline to complete Plaintiff's deposition to September 12, 2019. (ECF No. 342.) On September 11, 2019, the parties tried to conduct the deposition. However, because of Plaintiff's poor internet connection and background noise, the deposition was adjourned after only thirty minutes. (Id.)

During a status conference held on September 19, 2019, Judge Tomlinson informed Plaintiff that he "must find an alternative facility in a metropolitan area, such as Port-au-Prince, which has videoconferencing capability and sufficient Wi-Fi capability for the deposition to go forward." (ECF No. 343.) She gave Plaintiff "one final opportunity to make such arrangements so that his deposition can be completed" by October 31, 2019. (Id.) Judge Tomlinson also explained that "the Court has gone out of its way and made every possible accommodation to him given the fact that he remains in Haiti and cannot return to the U.S." (Id.)

Again, the parties were unable to complete the deposition by the Court's deadline. According to Defendants, Plaintiff did not respond to their emails attempting to schedule the deposition for nearly one month citing, among other reasons, "civil unrest" in Haiti. By the time he responded to their email, Defendants had no availability in the limited amount of time before the Court's deadline because of preexisting obligations on other matters.

4

On October 31, 2019, the deadline she previously set, Judge Tomlinson held another status conference. After consultation with the undersigned, Judge Tomlinson waived the Court's pre-motion conference requirement and set a briefing schedule for Defendants to move to dismiss for failure to prosecute. (ECF No. 346.)

### B. Docket 14-CV-6647

On November 10, 2014, Plaintiff initiated another action in this district, naming Probation Department of Nassau County; Nassau County District Attorney's Office; Kathleen Rice, DA of Nassau County; Sthen Thibault, Attorney and Legal Advisor for the Nassau County Department of Probation; John Harvey, Detective of Nassau County; Ronald Schepis, Detective of Nassau County; Anne Huggard, ADA of Nassau County; and Lauren Doddato of Nassau County as defendants (collectively, "Defendants"). (Dkt. 14-CV-6647, ECF No. 1.) In this action, Plaintiff brought Section 1983 claims regarding the purported illegal seizure of his property and challenged repeated prosecutions he experienced. (Id.) Earlier in the litigation, the Court granted in part and denied in part a motion for judgment on the pleadings, (ECF No. 37), and granted in part and denied in part a motion to dismiss, (ECF No. 89).

Beginning in 2017, Defendants notified the Court regarding issues that had arisen in scheduling Plaintiff's deposition abroad and described efforts they had undertaken involving the United States Attorney's Office, the State Department, and the Haitian Consulate. (ECF No. 58.) The next month, Judge Tomlinson directed Plaintiff, by April 18, 2017, to make the "necessary arrangements to facilitate the taking of his deposition either telephonically or by video," including "find[ing] a facility that can support a video or telephonic deposition and procure the services of a notary public (or suitable equivalent) who can administer the required oath." (Electronic Order,

5

03/31/2017.) As in his other case, Plaintiff requested Defendants cover the expenses involved in his deposition. (ECF No. 62.)

Subsequently, before the deposition issue was resolved, the parties engaged in motion practice, and Plaintiff was granted leave to amend his complaint. (ECF Nos. 71, 72.) After additional motion practice on the amended complaint, Judge Tomlinson issued an order on June 3, 2019 directing the parties to submit a bullet-point list of the remaining discovery tasks in the case. (ECF No. 91.) In response, the parties acknowledged the lingering logistical issues regarding Plaintiff's deposition, and Plaintiff renewed his request for Defendants to cover the costs of the proceeding. (ECF Nos. 93, 94.)

In response, Judge Tomlinson issued an Order on July 31, 2019, excerpted above. (ECF No. 99; see supra at 3-4.) She also held a status conference on August 7, 2019. (ECF No. 101.) Following the continued issues detailed above regarding Plaintiff's deposition, and with Judge Tomlinson's permission, Defendants moved to dismiss for failure to prosecute.

## II. DISCUSSION

Defendants in both cases have moved to dismiss the actions for failure to prosecute. (Dkt. 09-CV-5544, ECF No. 351-6; Dkt. 14-CV-6647, ECF No. 110-6.) Because the motions are based on the same underlying facts regarding Plaintiff's deposition, in the interest of judicial economy, the Court resolves both motions in this Order and **GRANTS** the motions in their entirety.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit has articulated five factors to consider in deciding whether to dismiss an action for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be

>prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

In this case, each factor weighs in favor of dismissal. First, Plaintiff filed his first complaint nearly twelve years ago, and the case remains pending. His issues with completing his deposition were first addressed by Judge Tomlinson as early as 2017 in Dkt. 14-CV-664 and remained unresolved through 2019. In Dkt. 09-CV-5544, the delay with respect to the deposition persisted for seven months. Moreover, even in the face of the instant motions to dismiss, Plaintiff has still made no attempt to secure the adequate facilities and equipment in Haiti to accommodate his deposition. Such delays are well beyond what courts in this Circuit typically consider sufficient durations of delay. See Cain v. Simon & Schuster, No. 11-CV-4460, 2013 WL 1608620, at *3 (S.D.N.Y. Apr. 15, 2013) ("In general, failure to prosecute for durations between two and five months have been found to be insufficiently long to weigh in favor of dismissal, while durations of five to eight months are usually sufficient."); Lopez v. Catholic Charities of Archdiocese of N.Y., No. 00-CV-1247, 2001 WL 50896, at *3-4 (S.D.N.Y. Jan. 22, 2001) (recognizing "delays of four months or less where circumstances warranted dismissal" and dismissing action when plaintiff ignored court orders and failed to prosecute action for three months).

Second, Judge Tomlinson gave Plaintiff ample opportunity and clear direction as to how to resolve the delay. She warned Plaintiff repeatedly in writing and orally during status conferences that his failure to comply risked dismissal of his case. Any further warning would be futile in light of Plaintiff's long history of ignoring Judge Tomlinson's clear directions. See Ross v. Metro.

7

Transportation Auth. Long Island R.R., No. 20-CV-2935, 2021 WL 861605, at *1 (E.D.N.Y. Mar. 8, 2021).

Third, because Plaintiff's "inaccessibility has delayed this case for many months, prejudice is presumed." Caussade v. United States, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (collecting cases).

Fourth, while the Court recognizes Plaintiff's important rights to be heard and pursue his claims, he has failed to demonstrate his interest in prosecuting this case, and it would be inefficient for the resources of the Court or Defendants to permit this case to languish on the docket in the hope that Plaintiff will someday abide by Judge Tomlinson's direction regarding his deposition. Judge Tomlinson has expended significant time and Court resources in speaking with the parties and addressing their written submissions regarding the deposition delay. Plaintiff's vague and conclusory allegations regarding "civil unrest" in Haiti do not counsel finding otherwise as to this factor.

Finally, as to the fifth factor, lesser sanctions would be futile because Judge Tomlinson has already provided Plaintiff with every conceivable accommodation to allow him to schedule his deposition in a timely fashion. As a result, any lesser sanctions would be ineffective. See Hasanati v. City of New York, No. 10-CV-4910, 2011 WL 4345163, at *2 (E.D.N.Y. Aug. 11, 2011) ("Plaintiff's habitual disregard of this Court's Orders and my warning adequately demonstrate that lesser sanctions would be ineffective.").

Accordingly, because each factor weighs in favor of dismissal, Plaintiff's actions are dismissed for failure to prosecute.

### III. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss in both actions are hereby **GRANTED**, and both of Plaintiff's actions are dismissed for failure to prosecute. The Clerk of

Court is respectfully directed to enter judgment accordingly and close both cases. The Clerk of Court shall mail a copy of this Order to the pro se Plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is **DENIED** for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  March 26, 2021
         Central Islip, New York

                                                  /s/ (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE